Samuel J. Silverman, J.
This is a motion by defendants for a stay of all proceedings in this action except upon leave of this court until determination of two pending actions in the United States District Court for the Southern District of New York, and until determination of an appeal pending in the Appellate *873 Division, First Department, from a summary judgment obtained in this court ag’ainst Lawrence American Field Warehousing Corporation (hereafter Field).
The case arises out of the insolvency of Allied Crude Vegetable Oil Defining Corporation and the many related matters which have been a matter of considerable notoriety. Procter & Gamble Distributing Company (hereafter P. & G.) as holder of warehouse receipts issued by Field, has obtained judgment for $1,013,075, with interest against Field for alleged conversion of the oil represented by the warehouse receipts, when Field turned the oil over to American Express Warehousing Limited (hereafter “Limited”). Both Field and Limited were subsidiaries of American Express Company (hereafter ‘ ‘ American Express ”). Defendants in the present action, Lloyd’s Underwriters and related companies, had issued certain liability policies to Field. P. & G., claiming to be a beneficiary of these policies by reason of its judgment against Field, now sues the insurance companies to require them to pay the judgment, pursuant to section 167 (.subd. 1, par. [b]) of the Insurance Law.
Both Limited and Field have filed petitions under chapter 11 of the Bankruptcy Act (U. S. Code, tit. 11), Field having done so apparently in the United States District Court for the Northern District of California, and Limited in the United States District Court for the Southern District of New York. Both Field and Limited are “ Debtors-in-Possession ” under chapter 11. In April, 1964, defendant insurance companies along with Transamerica Insurance Company and other insurance companies, purported to rescind the contracts of insurance by notification to American Express, Field and Limited, on the ground of misrepresentations and concealments of material facts. Limited has instituted various suits in the United States District Court for the Southern District of New York against defendant insurance companies and the other alleged insurers, seeking a declaration that the contracts of insurance are valid and that the rescission was ineffective. Field, a party to the suits in the Federal court, has joined in Limited’s prayer for relief. Defendant insurance companies have asserted counterclaims and cross claims in the Federal court suits, in which they seek a declaration that the insurance policies are invalid, and that in any event, the policies do not cover P. & G.’s claim, and the insurance companies have impleaded American Express and P. & G. as additional parties in the Federal court.
Defendant insurance companies now seek a stay of the present action, pending the determination of these Federal actions.
*874 The chronology is somewhat as follows:
In November, 1963 the Allied Crude Vegetable Oil irregularities were discovered. In December, 1963, Limited filed its petition under chapter 11. January 24,1964, P. & Gr. sued Field in this court for conversion. June 3, 1964, Limited began its action against the insurers in the Federal court. June 11, 1964 summary judgment was granted in P. & Gr. ’s favor against Field in the action in this court; an appeal is pending from that judgment. July 14, 1964, the present action and a companion action against Transamerica Insurance Company were begun in this court. The Transamerica action has been removed to the Federal court on the ground of diversity of citizenship. July 16, 1964, Chief Judge Ryan of the United States District Court for the Southern District of New York made an order setting a schedule for discovery, and discovery is actually proceeding. August 25, 1964 the insurance companies filed their answers in the Federal court containing counterclaims and cross claims. Simultaneously they moved for an order under subdivision (h) of rule 13 of the Federal Rules of Civil Procedure to add American Express and P. & Gr. as additional parties defendant; that motion was granted on September 14, 1964, though presumably it is still open to P. & Gr. and American Express to move to vacate that order. At the time of the making of the present motion, P. & Gr. had not yet replied in the Federal court action. Presumably it may seek affirmative relief against the insurance companies in that action.
Jury trials have been demanded in the Federal court actions.
A motion for a stay, such as the present one, is, of course, primarily addressed to the court’s discretion (CPLR 2201). The controlling considerations on such a motion have been thus stated by the Court of Appeals in General Aniline and Film Corp. v. Bayer Co. (305 N. Y. 479, 485 [1953]): “A question that naturally presents itself is. where the issues involved should first be tried. Its answer depends, of course, upon considerations of comity and orderly procedure. Accordingly, should a stay of the present action be sought, it will be pertinent to consider, among other matters, whether it is in the state or in the federal forum that a more complete disposition of the issues may be obtained and whether it is the federal or the state court that possesses a greater familiarity and expertise with the trial of such issues.” (See, also, Cye, Haberdashers, Inc. v. Crummins, 142 N. Y. S. 2d 682 [1955], affd. 286 App. Div. 1077 [1st Dept., 1955].)
*875 I think considerations of orderly procedure and judicial economy require that the Federal court cases be tried first for these reasons:
(a) The judgment in the Federal court will probably determine the entire controversy. The issues of the validity of the policies and whether they cover P. &¡ Gr.’s claim have been expressly tendered in the Federal court suits. In view of the existence of the judgment that P. & Gr. has obtained against Field, there is no question of the amount of the recovery. Thus, on the present state of the pleadings, every issue will be passed upon by the Federal court. And if anybody has a right to a jury trial, that too has been demanded.
(b) All parties in interest are parties in the Federal court '” suit. In the State court suit, neither Field nor Limited are parties.
(c) Therefore, if defendants are successful in this action, ■the judgment would probably not be res judicata as to Field or Limited (or indeed, the other claimant who is a party to the Federal court suit). But a judgment either way in the Federal v courts will be res judicata as to all parties and all issues.
(d) Field and Limited are the insureds under the policies ; they are surely primary parties to a claim or defense of rescission or invalidity of the policies. They should be heard on such a claim and their records made available. They are parties in the Federal court; they are not parties here. Therefore, they can and will be heard as parties by their attorneys in the Federal court, and they cannot be heard here as parties. Presumably, their records will be somewhat more available in the Federal court suit than in this court in view of the exclusive jurisdiction of the Federal courts over debtors in chapter 11. (Of course, only Limited’s chapter 11 proceeding is in the Southern District of New York; Field’s is in the Northern District of California.) Furthermore, it seems likely that Field and Limited’s method of doing their warehousing business will be a material issue with respect to the insurance companies’ claims of misrepresentation and concealment; that can be gone into more conveniently and fully in the actions in which Field and Limited are parties.
(e) The policy sued on here is an excess policy. The primary policy was issued by Transamerica Insurance Company and related insurers. The action against Transamerica is already in the Federal court, having been removed there by the defendants. While it is suggested that defendants have made or are preparing to make a motion for a stay in the Transamerica case, the Federal court in the management of its calendars will *876 doubtless see to it that all disputes are determined as promptly and economically as circumstances will permit.
(f) P. & Gr. is now in the Federal court both in the Transame rica case and in the case brought by Limited. Neither of those cases is likely to be stayed for the pendency of the present case in this court, in view of the fact that there are parties and claims to relief in the Federal court cases that are not present here. A stay of the present suit will reduce the number of suits that P. & G-. and the other parties are involved in without derogation of -the rights of any party.
(g) Many of the issues of fact involved in this case are also involved in companion suits in the Federal court and it should, therefore, be possible for the court in the Federal court suits to reduce multiplication of discovery proceedings, order joint trials or consolidation if advisable, etc.
(h) It is true that the questions involved in the suits seem to be primarily questions of State law and thus there is no question here of the Federal court’s possessing greater familiarity or expertise. But, on the other hand, for 175 years, the United States District Court for the Southern District of New York has been deciding disputes which involved questions of State law; the precedents will be as available to the Federal Judges as they are to State Judges; and an equally just result may of course be expected in the Federal court as in the State court. (Parenthetically, the court notes that CPLR 3211 [subd. (a), par. 4] has broadened the defense of “ other action pending ’ ’ to include an action pending in a court of the United States.)
(i) It may well be that it will take somewhat longer for the Federal court actions to be reached for trial than it would for this State court action. But the reason for this is primarily that more parties are involved in the Federal court actions. As I have indicated, I think this complexity of the Federal court actions is in a sense merely a necessary concomitant of the fact that in the present procedural posture, a more complete disposition of the issues may be obtained in that court than in this court. Inquiry by the court indicates that there is no substantial difference as to degree of calendar delay between the Federal court and this court.
Accordingly, it appears to this court that the motion for a stay should be granted pending the proceedings in the Federal court. One condition appears appropriate:
The stay asked for is “ except upon leave of this court ”. As indicated above, it is presumably still open to P. & Gr. and American Express to move to vacate the order adding them *877 as parties in the Federal court. If such a motion should he made and granted, the granting of a stay in this action might result in considerable delay. Accordingly, the stay should be conditioned on the filing of a stipulation by defendants and third-party defendant that, in the event that the stay of proceedings in this court is for any reason vacated or terminated, all discovery proceedings had in the Federal court actions shall be deemed to have been taken in this State court action and shall be usable in this State court action with the same force and effect as though originally taken in this State court action.
Accordingly, all further proceedings in this action except upon leave of this court are stayed until determination of the two actions brought by Limited in the United States District Court for the Southern District of New York, Civil Actions Nos. 64-1713 and 64-1714, on condition, however, that with the settlement of the order to be entered hereon, defendants and third-party defendants shall file a stipulation to the effect above stated.