■   In the Matter of the Claim of IAN COHEN, Appellant. NEW YORK CITY BOARD OF EDUCATION, Respondent. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 26, 1980, which determined that claimant was ineligible to receive unemployment insurance benefits. Claimant was employed as a paraprofessional for the New York City Board of Education (hereafter referred to as employer) until he resigned for personal reasons on February 2, 1979. He thereafter secured other employment from which he was laid off under nondisqualifying conditions on July 12, 1979. Claimant's application for benefits was subsequently denied by the board which held that claimant was on paid vacation from the employer from June 28 through September 4, 1979 and thus ineligible to receive benefits. This appeal ensued. The collective bargaining agreement in effect for the period in issue establishes that paraprofessionals were hourly employees who were not assured of being rehired each fall. They were entitled to "vacation" payments in addition to "summer" payments. Vacations were defined to include the first 10 days following the close of the school year (June 28 through July 11, 1979) and were to be accrued at the rate of one day for each month or major portion thereof of service during the school year. Two summer payments were to be made, one in July and one in August, and represented fractional amounts of the paraprofessional's normal earnings. Summer payments were to be prorated based upon the number of days worked during the total school year and were contractually defined to cover the period between the third to last weekday in June and the Wednesday following Labor Day (June 28 through Sept. 4, 1979).[1] The board's determination must be reversed. While it is true that no benefits shall be payable to any claimant for any day during a paid vacation period (Labor Law, § 591, subd 3, par [a]), it is also true that the term "vacation period" means the time designated for vacation purposes in accordance with the applicable collective bargaining agreement (Labor Law, § 591, subd 3, par [b]). In the instant case, the negotiated contract contains separate definitions for "summer" and "vacation" periods. Although we recognize that the labels used in agreements are not conclusive (see *Matter of Faccio [Catherwood],* 37 AD2d 633, affd 31 NY2d 702; *Matter of Walker [Reader's Digest—Catherwood],* 28 AD2d 256) and that determinations holding school employees ineligible

1. It should be noted that the agreement sought to condition a paraprofessional's receipt of the summer payments upon execution of a waiver of rights to unemployment insurance benefits. Although the Administrative Law Judge used this waiver to support his decision denying benefits, the board, in affirming the decision of the Administrative Law Judge, specifically held that its determination was not based upon the waiver which it found to be invalid under section 595 of the Labor Law. The employer attempts to contest that portion of the board's decision on this appeal. However, the issue is not properly before us since the employer did not file a notice of appeal from the board's decision.

when they have worked 10 months and been paid for 12 months have been upheld as rational (see, e.g., *Matter of Wolfson [Ross]*, 57 AD2d 10; *Matter of Utter [Levine]*, 52 AD2d 994), we cannot concur with the board's conclusion that the entire period from June 28 through September 4, 1979, was a paid vacation for claimant. The summer payments, in addition to covering a period of time which included claimant's vacation period, were computed under a separate formula which did not fully compensate claimant at his prior rate of pay.[2] Therefore, we are led to the conclusion that, unlike the situations in *Matter of Wolfson (Ross) (supra)* and *Matter of Utter (Levine) (supra)*, the amounts paid to claimant as summer payments represented previously earned moneys whose disbursement was deferred until July and August. Accordingly, since we find the board's determination arbitrary and unsupported by substantial evidence, it must be reversed. Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for recomputation and further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Staley, Jr., Casey and Herlihy, JJ., concur.

2. Had claimant not left the employer in February but stayed on until the end of the school year on June 27, he would have received approximately 5.8 weeks of salary for the 10 weeks covered by the summer payments.