OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, without costs, and the decision of the Unemployment Insurance Appeal Board reinstated.
The board’s decision had. a rational basis. What constitutes vacation pay is determined by the collective bargaining agreement. The fact that that agreement called for both “vacation pay” and “summer pay” and that the summer pay did not equal claimant’s prior rate of pay *661 could, considered alone, lead to the conclusion that the summer pay was deferred compensation. There are, however, counterbalancing factors which furnish a rational basis for the board’s holding. First, summer pay is paid for a period during which the employee is not working (i.e., during the school vacation period); the difference in appellations for the two categories of pay is essentially historical. Secondly, nothing in the negotiations for “summer pay” suggests that the negotiators intended it as deferred compensation. To the contrary, the arbitration award which was part of the negotiating process expressly states that “employees shall not be entitled to receive unemployment insurance during the summer periods”. Finally, subdivision 3 of section 591 of the Labor Law, requires only that there be a “payment or allowance” not that it be computed in the same manner as regular pay, and expressly excludes as a determining factor the fact that “such payment or allowance be deemed to be remuneration for prior services rendered as an accrued contractual right”.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order reversed, etc.