OPINION OF THE COURT
Memorandum.
The order of the Appellate Division, Third Department, should be affirmed, with costs. The Appellate Division correctly held that the determination of the commissioner was founded upon a rational and reasonable basis.
The article 78 proceeding commenced against the board of education and transferred to the Appellate Division resulted in reversal on procedural grounds, but that court clearly considered and passed on the substantive issues adversely to petitioner. When the board made its redetermination, petitioner initiated a new and distinct review proceeding through the commissioner, challenging the board’s determination on grounds similar to those raised in the prior *1007 proceeding, which left standing unappealed the prior determination of the Second Department on the issues she now seeks to litigate.
Matter of Venes v Community School Bd. of Dist. 26 (43 NY2d 520), relied upon by petitioner, is not to the contrary, for it dealt not with the preclusive effect of a prior court ruling but with the effect of a prior administrative ruling made without hearing. Nor does the record support petitioner’s contention that the board upon remittal made new findings and a determination based on new or additional charges and evidence. What it did, and all it did, was (consistently with the Appellate Division’s direction) give petitioner the opportunity to contest the trial examiner’s findings and, having considered her arguments, points of law and challenges, reaffirm its 1973 determination of dismissal.
The commissioner’s determination in effect to abstain from deciding those issues that were not decided in the earlier proceeding was also not improper in light of the then pending Federal litigation (Teachers United For Fair Treatment v Anker, 445 F Supp 469) involving some of the same issues (e.g., failure to specify reasons for dismissal) which petitioner claimed were new (General Aniline & Film Cory, v Bayer Co., 305 NY 479; Procter & Gamble Distr. Co. v Lloyd’s Underwriters, 44 Misc 2d 872). The commissioner’s conclusion that res judicata and abstention precluded such relitigation was not irrational or unreasonable, therefore (cf. Bernstein v Birch Wathen School, 71 AD2d 129, affd 51 NY2d 932).
Finally, it should be noted that whatever rights petitioner acquired by the arbitration proceedings and judgment entered on the arbitrator’s award, the effect of that award was not before the commissioner or the courts below and has not been considered by us.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs, in a memorandum.