■ In the Matter of the Claim of ELLA McNEILL, Respondent. BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, Appellant. LILLIAN ROBERTS, as Industrial Commissioner, Respondent. (Proceeding No. 1.) In the Matter of the Claim of DOROTHY HAUPTMAN, Respondent. BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, Appellant. LILLIAN ROBERTS, as Industrial Commissioner, Respondent. (Proceeding No. 2.) — Appeal, in Proceeding No. 1, from a decision of the Unemployment Insurance Appeal Board, filed December 16, 1981, which affirmed the decision of the Administrative Law Judge modifying the initial determination of the Industrial Commissioner who had ruled claimant ineligible for unemployment insurance benefits for the entire vacation period, from June 27 through September 8, 1981, and holding that claimant was on vacation only from June 27 through July 20, 1981. Appeal, in Proceeding No. 2, from a decision of the Unemployment Insurance Appeal Board, filed October 15, 1981, which, upon reopening and reconsideration, rescinded an earlier decision of the board dated December 8, 1980 and held that claimant was on vacation from June 28 to July 22, 1979 and that $204 was recoverable as an overpayment of benefits. Both appeals involve identical questions of law. Claimants were employed by the New York City Board of Education, claimant McNeill as an educational assistant and claimant Hauptman as a school lunch aide. While so employed, both were covered by a collective bargaining agreement reached by their respective unions and their employer. The agreement included a clause entitling claimants to be paid vacation and summer payment from the "third to last weekday in June until the Wednesday following Labor Day." Both claimants received payments calculated on the basis of two different formulae. For vacation time, which accrued on the basis of one day per month of service, they were paid the same amount they ordinarily received as wages, and for summer pay, they received a lump sum to cover the period from the third to last weekday of June until the Wednesday following Labor Day. Pursuant to this method of computation, claimant McNeill was paid five days as vacation pay

and a lump sum of $437.24 as summer pay. The board found that the latter lump-sum payment represented her average weekly pay for three weeks and found that she was, therefore, ineligible for unemployment benefits pursuant to subdivision 3 of section 591 of the Labor Law through July 20, 1981 because she was receiving vacation pay during this period. Claimant Hauptman was found to have been paid vacation pay for seven days beginning June 28, 1979 through July 8, 1979 and a lump-sum payment of $358.18 as summer pay. The board found that the lump-sum payment represented three and one-half weeks of her weekly wage and that she was, therefore, ineligible for unemployment benefits under the same statute through July 22, 1979. It was found that she had been over paid benefits of $204 which were held to be recoverable. On this appeal, the employer contends that the Court of Appeals interpretation of subdivision 3 of section 591 of the Labor Law in *Matter of Cohen (New York City Bd. of Educ.—Ross)* (54 NY2d 659) is binding on the two instant matters. Pursuant to that section, a claimant is not eligible for unemployment benefits during a vacation period or holiday. It is urged that the board erred in holding that the lump-sum payment made to these claimants must be divided by an average weekly payment to calculate the period of their vacation pay. We concur. The board's holding is contrary to the judicial interpretation accorded the statute in *Matter of Cohen (supra)*. The *Cohen* case involved material facts identical to those presented in the cases at hand. The court concluded in *Matter of Cohen* that the arbitration agreement intended clearly to create a single vacation period from the end of June until September. It held: "subdivision 3 of section 591 of the Labor Law, requires only that there be a 'payment or allowance' not that it be computed in the same manner as regular pay" (*id.*, at p 661). A court's affirmance or reversal of an administrative body's interpretation of its governing statute becomes binding upon the agency (see *Matter of Fisher [Levine]*, 36 NY2d 146, 150). Decisions reversed, without costs, and matters remitted to the Unemployment Insurance Appeal Board for recomputation and further proceedings not inconsistent herewith. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.