■ In the Matter of the Claim of IAN COHEN, Appellant. CITY OF NEW YORK BOARD OF EDUCATION, Respondent. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 29, 1982, which, upon reopening and reconsideration, adhered to its decision filed August 10, 1981 in conformance with the decision of the Court of Appeals in this case (54 NY2d 659). This case is before us for a second time. The underlying facts may be found in our earlier decision (*Matter of Cohen [New York City Bd. of Educ. — Ross]*, 78 AD2d 734). In reversing this court, the Court of Appeals concluded that the collective bargaining agreement intended to create a single vacation period from the end of June until September, and that claimant was ineligible for benefits during this period, notwithstanding the fact that his vacation pay was concededly less than full pay (54 NY2d 659). On the allocation issue, the court held (p 661): "subdivision 3 of section 591 of the Labor Law, requires only that there be a 'payment or allowance' not that it be computed in the same manner as regular pay". An order conforming to this decision was filed by the board on August 10, 1981. Thereafter, on November 23, 1981, the board, *sua sponte,* reopened the case to "reconsider the computation of the vacation period for which claimant was paid". In response, the employer moved by order to show cause for a writ of prohibition to enjoin the board from reopening the case on the ground that the Court of Appeals review was final and binding. By decision dated April 20, 1982, Special Term (Lehner, J.) dismissed the petition. In the meantime, this court decided *Matter of McNeill (Board of Educ. — Roberts)* (88 AD2d 1050)

(June 10, 1982) involving the same collective bargaining agreement. In *McNeill,* we rejected the board's allocation of vacating payments as contrary to the Court of Appeals interpretation accorded section 591 (subd 3) of the Labor Law found in the *Cohen* decision. On the basis of *McNeill,* the board decided not to recalculate claimant's benefits, but to adhere to the August 10, 1981 conforming order. This appeal ensued. Essentially, claimant urges that the decision in *McNeill* was incorrect, and that the board was authorized pursuant to section 534 of the Labor Law to reopen and re-evaluate its previous determination in light of its long-standing policy of allocation as contained in Special Bulletin A-710-10. Under this interpretation, claimant urges that he is entitled to benefits inasmuch as he did not receive full pay during the designated summer vacation period. We disagree. A court's affirmance or reversal of an administrative body's interpretation of its governing statute becomes binding on the agency (see *Matter of Fisher [Levine],* 36 NY2d 146, 150; *Matter of Evans v Monaghan,* 306 NY 312, 323-324; *Matter of McNeill [Board of Educ. — Roberts],* supra). Upon final determination of an appeal, the board is mandated to enter an order in accordance therewith (Labor Law, § 624). When the board's continuing jurisdiction is in conflict with a prior judicial determination, it may act only in a changed situation (*Matter of Jones v Schenectady Boys Club,* 276 App Div 879). Here, there are no new facts or changed circumstances, only an attempt to relitigate the issue of allocation already conclusively decided by the Court of Appeals. In effect, the board was without authority to reopen the instant matter and its decision to do so constituted an abuse of discretion. Accordingly, the board's decision filed June 29, 1982 which adhered to its prior decision filed August 10, 1981 must be reversed, and the order of August 10, 1981 conforming to the Court of Appeals decision reinstated as the final decision of the board. Even were we to review the merits, an affirmance would be required since the issue has been fully litigated in the prior proceeding (see *Smith v Russell Sage Coll.,* 54 NY2d 185, 192-193). That claimant has offered additional authority for the proposed allocation of vacation pay in the form of Special Bulletin A-710-10 does not negate the fact that the issue was raised and decided in the earlier appeal. Since the Court of Appeals has already determined that benefits were properly denied for the entire summer period even though claimant did not receive full pay during that period, claimant is now barred under the doctrine of *res judicata* from relitigating that same issue (see *Matter of Fogel v Commissioner of Educ. of State of N. Y.,* 54 NY2d 1004, affg 76 AD2d 1010). Decision of the board filed June 29, 1982 reversed, without costs, and decision filed August 10, 1981 reinstated. Mahoney, P. J., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.