■ In the Matter of the Claim of EUGENE ROBINSON, Respondent. NEW YORK TIMES NEWSPAPER DIVISION OF THE NEW YORK TIMES COMPANY, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Mikoll, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 9, 1987, which ruled that claimant was an employee rather than an independent contractor.

In an initial hearing, claimant was held to be an employee of the New York Times (hereinafter the Times). In a second hearing, he was disallowed unemployment insurance benefits because he left his employment voluntarily without good cause. This appeal is solely from the first determination. In an extensive decision, the Unemployment Insurance Appeal Board found that claimant was an employee.

Claimant worked for the Times pursuant to a written contract which denominated him an independent contractor. He was to distribute the New York Times newspaper in a given area, and the Times could alter the assigned route. Claimant was free to deliver as he saw fit so long as he met delivery obligations described in the contract. The contract required that claimant was to pick up newspapers from a depot designated by the Times and deliver them, dry and undamaged, to specified subscribers on specified days, by specified times, and to notify the Times in case of late deliveries. Claimant was not to insert or attach other material to the newspapers, but he could distribute other material if such distribution did not interfere with performance of the agreement and if the Times determined that the material was not obscene or offensive. Pursuant to the contract, the Times billed and collected payments directly from subscribers, and

claimant was not to charge subscribers. Claimant received from the Times cancellations, complaints and the customer list, which remained the Times's property and was not to be used for delivery of any other product. If claimant was informed directly of new subscribers or cancellations, he was to immediately notify the Times. Claimant was to receive a one-time fee if he secured new customers.

The contract also contained a payment schedule. The Times was to pay for copies actually delivered and bear losses for a subscriber's failure to pay. The Times reserved the right to change compensation rates at its discretion, upon reasonable notice to claimant. The contract could be terminated, upon seven days' written notice, for violations of any of its conditions. In the event of nondelivery of the newspaper, the Times could terminate the agreement forthwith. The contract could also be terminated for subscribers' complaints exceeding an acceptable level. Either party could terminate the contract on 30 days' prior written notice. Failure to abide by this stipulation would result in claimant's forfeiture of his last week's compensation.

Under the contract, claimant supplied his own transportation and was paid a travel allowance based on mileage. He was to carry his own insurance and to comply with all applicable laws, including the Workers' Compensation Law, for any persons he employed in making deliveries. No logos had to be affixed to claimant's vehicles, nor did he wear a uniform. The Times did not deduct taxes from claimant's pay or provide fringe benefits; it provided a form 1099 for tax purposes.

A determination that an employer-employee relationship exists may rest upon evidence that the employer exercises control either over the results produced or over the means used to achieve the results *(Matter of 12 Cornelia St. [Ross]*, 56 NY2d 895, 897; *Matter of Sullivan Co. [Miller]*, 289 NY 110, 112). Control over the means is a more important factor than incidental control over the results. Where there is control over results but no indicia of control over the means employed, an employer-employee relationship is not indicated *(Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d 725, 726).

In our view, the agreement between the claimant and the Times supports the Board's finding of an employer-employee relationship. We cannot say that the decision, which is in accord with a long line of delivery cases, is arbitrary and capricious *(see, Matter of Rivera [State Line Delivery Serv.—*

*Roberts],* 69 NY2d 679, 682, *cert denied* — US —, 107 S Ct 2181; *Matter of Mid-Hudson Publ. [Roberts],* 119 AD2d 959, *lv denied* 68 NY2d 609; *Matter of Di Martino [Buffalo Courier Express Co.—Ross],* 89 AD2d 829, *affd* 59 NY2d 638). The differences in degree and type of control in the instant delivery operation and others is inconsequential on the essential issue. Neither do we find any significance in the existence of intermediaries who picked up newspapers from the Times and delivered them to depots from which they were picked up by claimant and other deliverers. Claimant's relationship was directly with the Times, and the relationship had the requisite indicia of control to sustain the finding of an employer-employee relationship.

Decision affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.