■ In the Matter of the Claim of EUGENE ROBINSON, Respondent. NEW YORK TIMES NEWSPAPER DIVISION OF THE NEW YORK TIMES COMPANY, Appellant; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Mikoll, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 14, 1989, which adhered to its prior decision ruling that claimant and all other persons similarly situated were employees rather than independent contractors.

The issue raised herein has its genesis in *Matter of Robinson (New York Times Newspaper Div.— Hartnett)* (141 AD2d 943, *lv dismissed* 72 NY2d 1039), previously decided by this court in which we affirmed a determination of the Unemployment Insurance Appeal Board that claimant, a paper deliverer, was an employee of the New York Times. After an appeal to the Court of Appeals was dismissed, the Board entered a conforming order on February 14, 1989 which stated in pertinent part: "ORDERED, that the said order of the Appellate Division of the Supreme Court, Third Department, entered on June 29, 1988 be, and the same hereby is, made the order of the Board, and it is further ORDERED, that the determination of the Commissioner of Labor ruling that the employer is liable for contributions on remuneration paid to claimant and all other persons who performed services under similar circumstances be, and the same hereby is sustained, and it is further ORDERED, that the decision of the Board be, and the same hereby is, affirmed." Thereafter, the Board denied an application by the Times to delete the phrase referring to "all other persons who performed services under similar circumstances".

The issue herein is whether an appeal lies from the Board's denial of the motion to amend its conforming order. Subsumed in the primary issue is the question of whether the conforming order correctly reflects the decision of this court or is broader in its sweep.

The Board contends that the conforming order is a ministerial act and not "a decision by the appeal board" within the meaning of Labor Law § 624, which provides for appeals to this court and the Court of Appeals. Therefore, it claims that no appeal is permitted but, rather, if the order is inconsistent with this court's decision, it may be clarified by motion. The Board further urges that the conforming order is correct and that no further clarification by this court is indicated. We agree.

The Times has already exhausted its appealable options with respect to the substantive merits of the case *(see,* Labor Law §§ 624, 626; 1 Carmody-Wait 2d, NY Prac §§ 2:60, 2:64, 2:66, at 71-72, 76-80; *Matter of Cohen [City of N. Y. Bd. of Educ.—Roberts],* 92 AD2d 641). The question of employment status in the prior appeal is res judicata as to claimant. The Times cannot relitigate whether the work done by claimant constitutes employment. The law of the case has already been written on that issue. The factual question of whether any other individuals actually perform the same work under the

same conditions has been left open for resolution in subsequently pursued cases, if there be any. Further, we find no prohibition to the order of the Board which in effect states that other persons must be treated in the same manner if their circumstances of work are the same as claimant's. The principle of stare decisis dictates such a result. This concept has been incorporated in Labor Law § 620 (1) (b) which reads in pertinent part as follows: "Upon such notice having been given, the referee *may* then decide such question or questions and any other issue related thereto, and his decision shall not be deemed limited in its effect to the immediate claimant making the claim for benefits but shall be deemed a general determination of such questions with respect to all those employed by such person or employer for all the purposes of this article, and such decision shall be conclusive and binding upon him, subject, however, to the right to appeal hereinafter provided" (emphasis supplied).

We find nothing in the record to indicate any incongruity between the Board's decision and its order which would support a motion for clarification. We note, also, contrary to the Times' contention, that the record indicates an unequivocal refusal by the Hearing Officer to stipulate either way as to what effect the decision would have on any event outside the context of the facts and circumstances involving claimant in this case.

Appeal dismissed, with costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.