■ REVLON CONSUMER PRODUCTS CORPORATION, Appellant, v ROBERT H. ARNOW et al., Respondents. [657 NYS2d 9] —Order, Supreme Court, New York County (Charles Ramos, J.), entered on or about August 9, 1995, which, *inter alia*, granted defendant landlords' motion to dismiss plaintiff tenant's cause of action for breach of contract for failure to state a cause of action, unanimously modified, on the law, to deny so much of the motion as was addressed to the alleged breach of the June 30, 1988 settlement agreement by billing for electricity charges from July 1, 1988 without regard to defendants' cost of electricity, and otherwise affirmed, without costs. Order, same court and Justice, entered October 8, 1996, which granted defendants' motion to dismiss plaintiff's causes of action based on fraud and violation of General Business Law § 349, unanimously modified, on the law, to deny so much of the motion as was addressed to the causes of action based on fraud, and otherwise affirmed, without costs.

The cause of action for breach of contract alleges that defendants breached section 6 (b) of the June 30, 1988 settlement agreement by intentionally misrepresenting that their cost of electricity was $104,643.12, and by subsequently billing plaintiff for electric charges without regard to their cost of electricity. As the motion court correctly determined, because section 6 (b), which states that the initial electric charge of $104,643.12 was based on "electricity rates and fuel adjustments existing on September 23, 1983 and on electric consuming equipment in the Premises on June 30, 1988", did not require defendants to establish an initial electric charge based on their cost of electricity, no cause of action for breach of contract can be based on the theory that the initial electric charge was more than such cost. However, insofar as section 6 (b) also states that plaintiff is obligated to pay "for increases to the owner's cost of electricity" and is entitled to a refund or credit "for decreases to the owner's cost of electricity", due to increases or decreases in and to electric rates, plaintiff's allegations that it was billed for electric charges after July 1, 1988

without regard to the owner's cost do state a cause of action for breach of section 6 (b), and we modify accordingly. Moreover, section 6 (b), read in conjunction with section 20.03 of the Lease, which was not expressly abrogated or modified by the settlement agreement, and which provides that the electric charge portion of the rent shall reflect "the same percentage increase in the rate schedule [and other items] * * * or the value to the Tenant of the service being furnished based upon said increases, whichever is greater", is ambiguous as to whether defendants are to bill increases based on cost, percentage or the value of the service to plaintiff. Concerning the causes of action based on fraud, we disagree with the motion court that the amended complaint does not sufficiently particularize the alleged misrepresentations and omissions, and we modify to reinstate those causes of action. However, the cause of action for violation of General Business Law § 349 (a) and (h) was properly dismissed on the ground that this is a private contract dispute over electric charges that is unique to these parties and does not affect the consuming public at large (see, New York Univ. v Continental Ins. Co., 87 NY2d 308, 321). Concur—Murphy, P. J., Milonas, Mazzarelli and Andrias, JJ.