■ QUEENS OFFICE TOWER ASSOCIATES et al., Respondents, v GENERAL MILLS RESTAURANT, INC., Doing Business as RED LOBSTER, Defendant, and LIBERTY MUTUAL INSURANCE COMPANY, Appellant. [702 NYS2d 301] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered May 18, 1999, granting plaintiffs' motion for summary judgment, *inter alia*, declaring that defendant Liberty Mutual Insurance Company is obligated to defend and indemnify plaintiffs in the underlying personal injury action, unanimously affirmed, with costs.

In the underlying action, a pedestrian slipped and fell on the sidewalk immediately adjacent to a restaurant owned by defendant General Mills Restaurant, doing business as Red Lobster, which leased the premises from plaintiff Queens Office Tower Associates. It is uncontradicted that the pedestrian slipped and fell on a slippery substance that leaked from a dumpster used exclusively by Red Lobster. The lease between Red Lobster and Queens Office provided that Red Lobster was to keep its refuse and rubbish in the demised premises and to that end, the lease designated a specific location in the loading dock area for the placement of the dumpster to be used by Red

Lobster. The area where the dumpster was kept was accordingly part of the demised premises. The subject lease further provided that Red Lobster would maintain, for the benefit of Queens Office and Red Lobster, general liability insurance covering risk "in, on or about the demised premises." Since the accident giving rise to the underlying personal injury action occurred on the sidewalk immediately adjacent to the dumpster, a location plainly "in, on or about the demised premises", it follows that the site of the accident falls within the area contemplated by the parties to be covered by insurance (see, J. P. Realty Trust v Public Serv. Mut. Ins. Co., 102 AD2d 68, 71, affd 64 NY2d 945).

Under the general liability insurance policy procured by Red Lobster, Liberty Mutual agreed to defend any claim or suit brought against the "indemnity" under an insured contract, "to the same extent and on the same terms that we would defend if the 'indemnity' were the insured under the policy". The policy specifically included a lease of premises as an insured contract. Queens Office was thus an "indemnity" under the policy and, as such, entitled to be defended and indemnified by Liberty Mutual to the same extent and on the same terms as would have obtained had Queens Office had been the named insured.

Liberty Mutual's contentions that the lease agreement provided for indemnification only if Queens Office was not otherwise covered, and that there are issues of fact as to whether there is co-insurance since both Queens Office and Red Lobster performed maintenance to the sidewalk area, are improperly raised for the first time on appeal and, accordingly, are not preserved for our review (Murray v City of New York, 195 AD2d 379, 381). In any event, the contentions are without merit. Concur—Nardelli, J. P., Tom, Wallach, Rubin and Andrias, JJ.