■ KERN SUSLOW SECURITIES, INC., Respondent-Appellant, v BAYTREE ASSOCIATES, INC., Appellant-Respondent. [728 NYS2d 366] —Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about May 16, 2000, in an action by a stock broker against an investment firm to enforce a fee-sharing agreement, awarding plaintiff $485,317.66 plus interest, after a hearing held pursuant to a remand from this Court vacating a judgment in plaintiff's favor in the amount of $807,970.29 (264 AD2d 639), unanimously affirmed, without costs.

The subject agreement requires defendant to split with plaintiff commissions earned by defendant as a result of introductions of purchasers of securities made to defendant by plaintiff "or its representatives." The prior appeal established law of the case that one Schlisser was plaintiff's employee, and that plaintiff was entitled to share in any commissions earned by defendant as a result of introductions made by Schlisser during the term of his employment with plaintiff, and remanded to the trial court only for a new finding on when Schlisser left plaintiff's employ in view of evidence, not considered by the trial court, indicating that Schlisser left plaintiff's employ earlier than found. Defendant, therefore, will not be heard to

argue that plaintiff failed to establish that Schlisser was ever in its employ at any relevant time (*see, Matter of Robinson [New York Times Newspaper Div.]*, 168 AD2d 746, 747, *lv denied* 78 NY2d 853). If the prior order of this Court seems to assume that Schlisser was in plaintiff's employ at relevant times, rather than to adjudicate it, that is because defendant itself assumed such on the prior appeal. On the prior appeal, defendant argued only that plaintiff had assented to a termination of the subject agreement shortly after its formation, or should be estopped from claiming commissions, or failed to show that its employment of Schlisser continued after June 23, 1995 such as would warrant its claim for commissions generated by 1996 introductions. On the issue of when Schlisser left plaintiff's employ, the trial court properly found on remand that the testimony of plaintiff's president, in conjunction with the filed National Association of Securities Dealers' Central Registration Depository record reflecting Schlisser's termination as a registered agent for plaintiff on or about June 23, 1995, was sufficient to show that Schlisser was employed by plaintiff through June 23, 1995, and that plaintiff was therefore entitled to commissions generated by introductions made by Schlisser up to June 23, 1995. No basis exists to disturb the trial court's finding, essentially one of credibility, that the registration statement is the most convincing evidence on the issue it was asked to decide (*see, Charles J. Hecht, P. C. v Clowes*, 224 AD2d 312). Concur—Rosenberger, J. P., Nardelli, Tom, Wallach and Saxe, JJ.