■ RUPERT LEWIS, Respondent, v SAFETY DISPOSAL SYSTEM OF PENNSYLVANIA, INC., Defendant, and HEALTH CARE WASTE SERVICE, INC., Appellant. [786 NYS2d 146]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered December 23, 2003, which, insofar as appealed from as limited by the briefs, denied the cross motion of defendant Health Care Waste Service, Inc. (Health Care) for summary judgment without prejudice to renewal upon the completion of discovery, unanimously reversed, on the law, without costs, the cross motion granted and the complaint against defendant Health Care dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff, an employee of Newtown Dialysis Center, allegedly sustained personal injuries on February 26, 2001, when his skin was pierced by an intravenous needle which was left in a medical waste container. Health Care contracted with plaintiff's employer in April of 1997 to provide waste removal services at its facility. Under this contract, Health Care had the express right to subcontract its services. In September of 1999, Health Care entered into a subcontract with New York Environmental Services Corporation (NYES), an independent contractor. Pursuant to this contract, NYES became responsible for the maintenance and disposal of the medical waste containers at Newtown Dialysis Center.

Plaintiff subsequently moved for leave to serve a supplemental summons and an amended complaint adding NYES as an additional defendant. Health Care cross-moved for summary judgment dismissing the complaint against it. In opposing the cross motion, plaintiff submitted an attorney's affirmation which stated, in a conclusory manner, that plaintiff is a third-party beneficiary under the subject contracts.

In finding that additional discovery was necessary to determine whether plaintiff was, in fact, a third-party beneficiary of each contract, the IAS court, inter alia, denied Health Care's cross motion for summary relief. We now reverse.

It is well settled that once a party has demonstrated a prima facie entitlement to summary relief, the burden shifts to the opposing party to produce evidentiary proof in admissible form sufficient to raise a material issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). While an attorney's affirmation may serve as a vehicle to introduce documentary evidence in support of a motion for summary judgment, i.e., Health Care's contracts (*see Olan v Farrell Lines, Inc.*, 64 NY2d 1092 [1985]), an opposing attorney's assertions, unsupported by any factual proof whatsoever, are of no probative value, and therefore, fail to raise a triable issue of fact (*Zuckerman*, 49 NY2d at 563).

As such, the conclusory assertions by plaintiff's counsel that plaintiff was a third-party beneficiary under the subject contracts are wholly insufficient to defeat Health Care's prima facie entitlement to summary judgment. Plaintiff's general belief, unsupported by any specific details, that further discovery may reveal additional facts to support his case, does not provide sufficient basis pursuant to CPLR 3212 (f) for delaying determination of the summary judgment motion.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Sullivan, Williams, Lerner and Sweeny, JJ.