■ L.A. WENGER CONTRACTING CO., INC., Respondent, v KREISLER BORG FLORMAN GENERAL CONSTRUCTION COMPANY, INC., Appellant. [842 NYS2d 365]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered November 1, 2006, which denied defendant's motion for summary judgment, unanimously reversed, on the law, with costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Defendant was the contractor and construction manager pursuant to a 1999 contract with the City Department of Design and Construction (DDC) for the construction of a building to be used by the City Administration for Children's Services. Plaintiff was the general construction subcontractor.

Defendant's agreement with the DDC includes a dispute-resolution clause which provided that any "dispute concerning the scope of the work delineated by the contract, the interpretation of contract documents, the amount to be paid for extra work or disputed work performed in connection with the contract, the conformity of the contractor's work with the contract and the acceptability and quality of the contractor's work" is to be resolved exclusively by a dispute resolution procedure dictated by the agreement. Under the dispute resolution procedure, defendant is to submit a subcontractor's claim to the DDC agency head for a ruling. If the claim is rejected, defendant contractor can seek review by the City Comptroller, and then by the Contract Dispute Resolution Board. Since only defendant is in privity with the City, the subcontractor is not permitted to present a dispute directly to the DDC.

The deadline for notices of dispute was March 1, 2003, and defendant set a deadline of February 26, 2003 for plaintiff to submit claims to defendant to be passed on to the DDC. On February 4, 2003, plaintiff advised the DDC directly that it had "over 60 claim items" and it made a request for a deadline extension, which the DDC denied. Even though plaintiff did not submit its claims by the deadline, defendant still submitted 10 claims on behalf of plaintiff. The DDC subsequently rejected all of them as untimely.

Plaintiff commenced an action in Supreme Court, Nassau County, venue was changed to New York County, and defendant thereafter moved for summary judgment. In opposition, plaintiff's president submitted a summary sheet showing approximately 50 more claims, asserting that none of them was ever "submitted timely by" defendant. He stated that all of them were "correctly transmitted" to defendant, although he does not state that they were transmitted prior to the City-imposed deadline. Indeed, the accompanying list does not provide any indication when the claims were submitted by plaintiff to defendant.

The motion court, in any event, found a factual dispute as to "whether plaintiff made timely requests for the submission of claims that defendant, thereafter, failed to timely submit to the DDC." The court concluded that "defendant's obligation under the subcontract to timely submit claims for payment to the DDC on behalf of plaintiff" was not arbitrable before the DDC.

A court will not order a party to submit to arbitration absent evidence of that party's unequivocal intent to arbitrate the relevant dispute (*see Matter of Pharmacia & Upjohn Co. [Elan Pharms., Inc.]*, 10 AD3d 331, 333 [2004]). The instant contract does not contain a typical, broadly worded arbitration clause (*cf. Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am.*, 37 NY2d 91, 95 [1975]) and, most importantly, it does not unambiguously commit to arbitration the question of whether or not defendant violated its contractual duty to plaintiff by failing to submit plaintiff's claims to the DDC by the appointed deadline. Moreover, the question of whether claims are timely submitted is not included in the specific, delineated items reserved for arbitration.

Accordingly, the question of defendant's duty under the agreement to submit plaintiff's timely claims in good faith is for the court and not for arbitration. Plaintiff, in opposition to defendant's motion, annexes an affirmation from counsel in which it is stated that plaintiff submitted a specified number of claims to defendant on a timely basis, which claims were never

submitted by defendant to the City by the contractual deadline. Since counsel's allegations are unsupported by any factual proof, they are of no probative value, and fail to raise a triable issue of fact (*see Lewis v Safety Disposal Sys. of Pa., Inc.*, 12 AD3d 324, 325 [2004]).

Plaintiff's affidavit briefly identifies about 50 claims, and states, conclusively, that defendant did not "timely" transmit them to the DDC. What it does not state, however, is that plaintiff submitted any of those claims to defendant prior to the City-imposed deadline, or that such claims were held by defendant until after the deadline passed. The one specific claim addressed in the opposition papers, which plaintiff characterizes as "a good example" of defendant's alleged negligence, was, in fact, timely submitted by defendant to the DDC and subsequently rejected on its merits. No other claim is discussed in detail, and there is not a single instance where plaintiff identifies the date on which a claim was submitted to defendant. The affidavit's carefully finessed language includes only a conclusory, indirect statement that would require the court to find the key allegation implied, and we decline to draw that inference. In addition, the accompanying documentation and specifics would not support such an implication, and are not in any way probative of the alleged fact issue. Concur—Tom, J.P., Mazzarelli, Sullivan, Nardelli and Buckley, JJ.