■ PRIMEDIA INC. et al., Respondents, v SBI USA LLC, Appellant. [841 NYS2d 528]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered January 17, 2007, which, to the extent appealed from as limited by the briefs, granted plaintiffs' cross motion for summary judgment in part, unanimously reversed, on the law, without costs or disbursements, and the motion denied.

Plaintiffs allege that defendant failed to honor a $10 million written guarantee of nonparty Trinity Workplace Learning Corporation's obligation to make lease payments pursuant to an

asset purchase agreement between Trinity and plaintiffs. When defendant failed to make payments under the written guarantee, plaintiff brought this action to enforce its rights under the contract and to recover for damages it claims to have incurred as a result of defendant's breach of its contractual obligation.

Defendant filed a pre-answer motion to dismiss pursuant to CPLR 3211 (a) claiming that certain plaintiffs lacked standing to bring such an action because they were not authorized to do business in the state and that the complaint failed to state a cause of action. Defendant's motion was denied and that determination is not before us on this appeal. Plaintiffs cross-moved and requested, in essence, that the court treat their motion as one for summary judgment pursuant to CPLR 3211 (c). Supreme Court granted plaintiffs' cross motion and awarded them summary judgment. Defendant appeals and we reverse.

It was error for Supreme Court to have entertained, much less granted plaintiffs' motion for summary judgment. Plaintiffs' cross motion was premised upon grounds totally unrelated to those advanced by defendant in support of its motion to dismiss pursuant to CPLR 3211 and the cross motion therefore was not properly treated by the court as one for summary judgment pursuant to CPLR 3211 (c). Also, discovery had not taken place and, contrary to Supreme Court's finding, defendant did not "unequivocally" chart a course for summary judgment by consenting to a briefing schedule on plaintiffs' motion (*see Four Seasons Hotels v Vinnik*, 127 AD2d 310 [1987]; *see also Huggins v Whitney*, 239 AD2d 174 [1997]). Concur—Sullivan, J.P., Buckley, Gonzalez, Sweeny and Kavanagh, JJ.