■ YODA, LLC, et al., Respondents, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Appellant, et al., Defendants. [858 NYS2d 14]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered December 28, 2006, which denied defendant National Union Fire's motion to dismiss the complaint and granted plaintiffs' cross motion for summary judgment to the extent of declaring the insurer's disclaimer of coverage ineffective under Insurance Law § 3420 (d), unanimously modified, on the law, the cross motion denied, without prejudice to renewal after completion of discovery, and otherwise affirmed, without costs.

Inasmuch as no discovery has been conducted in this matter, and contrary to the IAS court's observation, National Union did object to entertaining the motion for summary judgment, the court erred in ruling on it at this juncture (*see Primedia Inc. v SBI USA LLC*, 43 AD3d 685 [2007]; *see also City of Rochester v Chiarella*, 65 NY2d 92, 101 [1985]). A judgment for plaintiffs on the merits must at least await the filing of an answer.

National Union's motion to dismiss was properly denied, however, since there are questions concerning, for instance, the parties' intentions, the terms of the subcontract, and National Union's delay in disclaiming while monitoring the underlying Labor Law litigation, which preclude a determination as a matter of law that Yoda and Riverhead were not additional insureds, even in the absence of an explicit listing of their names on the umbrella policy (*see e.g. Queens Off. Tower Assoc. v General Mills Rest.*, 269 AD2d 223, 224 [2000]).

National Union's reliance on the employers' liability exclusion in its policy is unavailing. The reason for this is that if Yoda and Riverhead are found to be additional insureds, the li-

ability of National Union's insured (the nonparty subcontractor and employer of the injured worker) would be indirect (*see North Riv. Ins. Co. v United Natl. Ins. Co.*, 81 NY2d 812, 814 [1993]). Concur—Lippman, P.J., Saxe, Gonzalez and Nardelli, JJ. [*See* 14 Misc 3d 1201(A), 2006 NY Slip Op 52376(U).]