■ MICHAEL DIRIENZO, Respondent, v JAMES McCULLAGH OF NEW YORK, INC., et al., Appellants. [873 NYS2d 305]—Order, Supreme Court, Bronx County (Alan Saks, J.), entered October 4, 2007, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The denial of defendants' summary judgment motion, which was brought prior to any discovery being conducted, was appropriate. Although defendants submitted certain documents purporting to demonstrate that they were not liable under the Labor Law for plaintiff's injuries, the documents raised a number of issues of fact concerning, inter alia, the relationship among various corporate entities and those entities' presence at the subject work site. Under the circumstances, plaintiff is entitled to discovery to resolve such outstanding questions (see e.g. Primedia Inc. v SBI USA LLC, 43 AD3d 685, 686 [2007]; see also La v New York Infirmary/Beekman Downtown Hosp., 214 AD2d 425 [1995]). Concur—Gonzalez, J.P., Sweeny, Renwick and Freedman, JJ.

■ KENNETH E. RAMSEUR, Appellant, v HUDSONVIEW COMPANY et al., Respondents. [874 NYS2d 51]—Judgment, Supreme Court, New York County (Jane S. Solomon, J.), entered January 17, 2008, inter alia, dismissing the complaint pursuant to an order that granted defendants' motion for summary judgment, unanimously affirmed, without costs.

Defendants established their entitlement to summary judgment by submitting an attorney's affidavit annexed with contracts and other documentary evidence (see e.g. Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]; Lewis v Safety Disposal Sys. of Pa., Inc., 12 AD3d 324, 325 [2004]), showing that there was no breach of the settlement agreement or overcharge of plaintiff's rent. Plaintiff's opposition failed to raise a triable issue of fact. Dismissal of plaintiff's claim under General Business Law § 349 was also appropriate, since the settlement agreement and renewed lease were private contracts between individual parties and did not affect consumers at large (see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25 [1995]; Revlon Consumer Prods. Corp. v Arnow, 238 AD2d 223, 224 [1997]). Concur—Gonzalez, J.P., Sweeny, Renwick and Freedman, JJ.