■ YODA, LLC, et al., Respondents, v NATIONAL UNION FIRE INS. CO. OF PITTSBURGH, PA., Appellant, and HAN SOO LEE et al., Respondents. [879 NYS2d 327]—

Orders, Supreme Court, New York County (Doris Ling-Cohan, J.), entered September 16, 2008 and September 15, 2008, which, respectively, denied defendant National Union's prediscovery motion for summary judgment declaring that it is obligated to provide only the final tier of liability coverage in the underlying Labor Law action, and denied National Union's motion for a protective order staying discovery, unanimously affirmed, with costs.

When ruling on National Union's first appeal to this Court (50 AD3d 492 [2008]), we agreed with its argument that insofar as no discovery had been exchanged, the Supreme Court had acted prematurely when granting summary judgment to the extent of declaring that National Union was obligated to provide second tier liability coverage in the underlying Labor Law action. We also held that unresolved questions concerning, inter alia, National Union's "delay in disclaiming while monitoring the underlying . . . litigation" precluded, as a matter of law, a determination that it was not obligated to provide second tier liability coverage (*id*. at 492).

Despite these rulings, immediately upon this matter's remand to the Supreme Court and before the exchange of any discovery between the parties, National Union moved for summary judgment to declare that it is obligated only to provide final tier liability coverage upon the exhaustion of plaintiff United National Insurance Company's liability policy. In light of this Court's earlier ruling, the Supreme Court properly denied National Union's prediscovery motion (*see Kern Suslow Sec. v Baytree Assoc.*, 283 AD2d 230, 230-231 [2001]; *J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey*, 45 AD3d 809, 809-810 [2007]).

National Union's request that the Justice presiding over this matter be recused and a new Justice assigned is improperly raised for the first time on appeal (*see Matter of Peter G. v Karleen K.*, 51 AD3d 541, 542 [2008]). Were we to consider such request, we would conclude that recusal is unwarranted (*see R & R Capital LLC v Merritt*, 56 AD3d 370 [2008]).

We have considered National Union's remaining arguments and find them unavailing.

Motion and cross motion seeking leave to strike brief denied. Concur—Tom, J.P., Saxe, Sweeny, Acosta and Adbus-Salaam, JJ.