Citibank, N.A. v Soccer for a Cause, LLC (2019 NY Slip Op 00822)





Citibank, N.A. v Soccer for a Cause, LLC


2019 NY Slip Op 00822


Decided on February 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2019

Friedman, J.P., Kapnick, Gesmer, Oing, Moulton, JJ.


653859/15 8163 8162

[*1]Citibank, N.A., Plaintiff-Respondent,
v
Soccer for a Cause, LLC, et al., Defendants-Appellants, Gordon . Hartman, Defendant.


Law Office of Marisa Rauchway Sverdlov LLC, New York (Marisa Rauchway Sverdlov of counsel), for appellants.
Greenberg Traurig, LLP, New York (Michael P. Manning of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Charles E. Ramos, J.), entered February 5, 2018, awarding plaintiff the principal sum of $1,415,000, comprising a "success fee" of $1,400,000 and expenses in the amount of $15,000, and bringing up for review an order, same court and Justice, entered October 23, 2017, which granted plaintiff's motion for summary judgment and denied defendants' motion for summary judgment, unanimously modified, on the law, to vacate the success fee award of $1,400,000, deny plaintiff's motion with respect to all of its causes of action other than its contractual claim for reimbursement of $15,000 of out-of-pocket expenses, and grant defendants' motion to the extent of dismissing all of plaintiff's causes of action other than the contractual claim for reimbursement of out-of-pocket expenses, and otherwise affirmed, without costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The parties entered into an agreement, dated December 8, 2014 (the first agreement), under which defendants retained plaintiff to help them find a purchaser and consummate the sale of certain assets (principally comprising a sports stadium) in San Antonio, Texas. The first agreement provided that plaintiff would be entitled to the fee "upon the consummation of a transaction" with a purchaser "introduced" to defendants by plaintiff. It provided that plaintiff would be entitled to a success fee if a "Transaction with a Recognized CPB Referral is consummated within six (6) months after" the expiration of the term. "Recognized CPB Referral" was defined as "any party introduced to [defendants] by [plaintiff] during the Term and who is later identified by [plaintiff] in writing within ten (10) days after the Term." The first agreement further provided that, in the event a transaction were consummated "with a party other than a CPB Referral," plaintiff would be entitled to an "assistance fee" in the amount of $250,000. The term of the first agreement commenced December 8, 2014, and ended June 8, 2015.
The assets were not sold by the expiration of the first agreement. However, the parties entered into a second agreement, dated August 6, 2015 (the second agreement), which provided that plaintiff would "begin providing services" on August 3, 2015, and that the second agreement would remain in effect until January 31, 2016. Under the second agreement, plaintiff would be entitled to a $1,400,000 success fee upon the consummation of a transaction with a CPB Referral, which was defined as "any party introduced to [defendants] by [plaintiff] during the Term who consummates a Transaction and either is identified in (i) a Confidentiality Agreement executed by [defendants] during the Term or (ii) other written document executed by [defendants] specifically identifying a party as a CPB Referral." Unlike the first agreement, [*2]however, the second agreement contained no provision entitling plaintiff to an "assistance fee" in the event of the consummation of a transaction with a party other than a CPB Referral.
Ultimately, defendants sold the assets to an entity created by the City of San Antonio and Bexar County (together, the local government), with which Spurs Sports and Entertainment (the Spurs) entered into a lease for the use of the purchased assets. The record establishes that defendants, before they retained plaintiff in December 2014, had begun discussing a possible deal for the disposition of the stadium with the local government and the Spurs.
This action ensued after defendants rejected plaintiff's demands for payment of a success fee. On the parties' opposing motions for summary judgment, the court granted plaintiff judgment on its claim for a $1,400,000 success fee under the second agreement and on its claim under the first agreement for reimbursement of $15,000 in out-of-pocket expenses. On defendants' appeal, we hold that, under the terms of the second agreement, plaintiff is not entitled to a success fee because it is undisputed that the local government and the Spurs were not "introduced" to defendants by plaintiff with respect to this transaction.
Under the second agreement, plaintiff was entitled to a success fee only if a transaction were consummated with a party that it "introduced" to defendants during the term of that agreement. Since, as previously noted, it is undisputed that defendants had already discussed a possible deal involving the stadium with the Spurs and the local government before plaintiff was retained, plaintiff is not, as a matter of law, entitled to a fee under the second agreement. As to plaintiff's claim to a success fee under the first agreement, the motion court correctly determined that this claim was not viable, given that the first agreement had expired by its terms, no transaction was consummated within six months after its expiration, and the second agreement expressly provides that it "supersedes any prior understandings or agreements" concerning the same subject matter. Contrary to plaintiff's argument, the two agreements cannot be construed as a single continuing or extended agreement, because they do not reference each other, they cover different time periods, and they have different terms (see Nau v Vulcan Rail & Constr. Co., 286 NY 188, 197 [1941]).
Plaintiff's unjust enrichment claim also fails because the relationship between the parties here was defined by a written contract, fully detailing all applicable terms and conditions, and thus plaintiff may not seek recovery on an alleged quasi- contractual theory (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]).
Plaintiff's motion for summary judgment on its claim under the first agreement for reimbursement of $15,000 in expenses was properly supported by documentary evidence attached as an exhibit to counsel's affirmation (see Lewis v Safety Disposal Sys. of Pa., Inc., 12 AD3d 324, 325 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 5, 2019
CLERK