Jones v 3417 Broadway LLC (2019 NY Slip Op 03914)





Jones v 3417 Broadway LLC


2019 NY Slip Op 03914


Decided on May 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2019

Acosta, P.J., Richter, Manzanet-Daniels, Webber, Kern, JJ.


9362 21019/13E

[*1]Eric Jones, Plaintiff-Appellant,
v
3417 Broadway LLC, Defendant-Respondent, Best of Midtown Food, Inc., et al., Defendants, Subway Restaurant, et al., Defendants-Respondents.


Scott Baron & Associates, P.C., Yonkers (Michael Stieglitz of counsel), for appellant.
O'Toole Scrivo Fernandez Weiner Van Lieu LLC, New York (Stephanie C. Mishler of counsel), for 3417 Broadway LLC, respondent.
Law Offices of Lori D. Fishman, Tarrytown (Silvia C. Souto of counsel), for Subway Restaurant, Subway Real
Estate Corp. and Subway Real Estate II, LLC, respondents.



Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered May 30, 2108, which granted the motions of defendants 3417 Broadway LLC and Subway Restaurant, Subway Real Estate Corp. and Subway Real Estate II, LLC, a/k/a Subway Real Estate LLC (collectively defendants) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence showing that the hole in the sidewalk that caused plaintiff's fall was within 12 inches from a metal grate owned by the City of New York, and therefore they were not responsible for maintaining or repairing the sidewalk at that location (34 RCNY 2-07 [b][1], [2]; see Storper v Kobe Club, 76 AD3d 426, 427 [1st Dept 2010]; Hurley v Related Mgt. Co., 74 AD3d 648, 649 [1st Dept 2010]).
In opposition, plaintiff failed to raise an issue of fact. Plaintiff submitted his attorney's affirmation, in which counsel purported to derive measurements from photographs depicting where plaintiff fell, which were not supported by factual proof or expert testimony and were of no probative value (see e.g. Lewis v Safety Disposal Sys. of Pa., Inc., 12 AD3d 324, 325 [1st [*2]Dept 2004]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2019
DEPUTY CLERK