Hepworth v Hepworth (2019 NY Slip Op 08609)





Hepworth v Hepworth


2019 NY Slip Op 08609


Decided on December 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 3, 2019

Acosta, P.J., Renwick, Mazzarelli, Kapnick, JJ.


10486 651730/14 59495/17

[*1] C. Louise Hepworth, etc., Plaintiff-Respondent,
v
Douglas J. Hepworth, et al., Defendants-Appellants.
Douglas J. Hepworth, et al., Third-Party Plaintiffs-Appellants,
v
Michael Charles, Third-Party Defendant-Respondent.


Brick Law PLLC, White Plains (Brian H. Brick of counsel), for appellants.
Loeb & Loeb LLP, New York (Paula K. Colbath of counsel), for respondents.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on August 17, 2018, which, to the extent appealed from as limited by the briefs, denied the request of defendants/third-party plaintiffs (hereinafter defendants) for declarations that (1) defendant George S. Coyne is the current, valid independent trustee of the Hepworth Family Residence Trust and (2) any actions taken by plaintiff or third-party defendant that contravene certain amendments to the trust are null and void ab initio, unanimously affirmed, without costs.
While defendants preserved their request for a declaration regarding Coyne and are not estopped from seeking it (see generally Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 106-107 [2006]), their failure to obtain a stay pending appeal prevents them from obtaining the declarations they seek (see Da Silva v Musso, 76 NY2d 436, 440 [1990]). Even though defendants appealed from the September 1, 2016 order which invalidated the 2013 amendments to the trust agreement, it remained binding until this Court reversed it in Hepworth v Hepworth (156 AD3d 461 [1st Dept, Dec. 2017], lv denied 31 NY3d 1112 [2018]) (see Da Silva, 76 NY2d at 440). Because defendants failed to obtain a stay of the 2016 order pending appeal, plaintiff had the right — pursuant to the original, unamended trust agreement — to unilaterally remove Coyne as the Independent Trustee (on September 13, 2016) and appoint successor Independent Trustees (on September 13 and November 18, 2016). Since plaintiff's appointment of third-party defendant as Independent Trustee was valid, respondents — who comprise the majority of the trustees — could enter into brokerage agreements on behalf of the trust in February and September 2017.
A party may not request for the first time on appeal "that the Justice presiding over this [*2]matter be recused and a new Justice assigned" (Yoda, LLC v National Union Fire Ins. Co. of Pittsburgh, Pa., 63 AD3d 424, 425 [1st Dept 2009]). Were we to consider this request, we would conclude that recusal is unwarranted (see Liteky v United States, 510 US 540, 555 [1994]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 3, 2019
CLERK