PF2 Sec. Evaluation, Inc. v Fillebeen (2022 NY Slip Op 07037)

PF2 Sec. Evaluation, Inc. v Fillebeen

2022 NY Slip Op 07037

Decided on December 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 13, 2022

Before: Renwick, J.P., Kapnick, Oing, Moulton, Higgitt, JJ. 

Index No. 151776/14 Appeal No. 16875 Case No. 2022-02917 

[*1]PF2 Securities Evaluation, Inc., Plaintiff-Appellant,
v
Guillaume Fillebeen, et al., Defendants-Respondents.

Carmel, Milazzo & Feil LLP, New York (Christopher P. Milazzo of counsel), for appellant.
Hecht Partners LLP, New York (Adam J. Rader of counsel), for respondents.

Order, Supreme Court, New York County (Laurence Love, J.), entered April 22, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on its claims for breach of the duty of loyalty and the covenant of good faith and fair dealing, to dismiss the counterclaims for an accounting, unjust enrichment, and fraudulent inducement, and to preclude defendants' requests for reformation and rescission, unanimously affirmed, with costs.
Plaintiff PF2 Securities Evaluations, Inc. (PF2) commenced this action against Guillaume Fillebeen and Level 3 Consultants, LLC alleging that while employed at PF2, Fillebeen misappropriated PF2's computer algorithms for analyzing complex financial structures, and opened a competing business. Fillebeen presents a different account of this dispute, asserting that, as the only shareholder and employee of PF2 trained in the programming of computer models for projecting returns on various investment products, he created PF2's proprietary programming and claims continued ownership thereof. Fillebeen claims that due to plaintiff's misrepresentations about the financial status of the company, he agreed to sell his shares at a fraction of their true cost and continued working for the company as a consultant for several months. Fillebeen has asserted counterclaims against plaintiffs and counterclaim defendants for breach of contract, among others.
The motion court correctly denied plaintiff's motion for partial summary judgment because the parties presented issues of fact so fundamentally and diametrically opposed that the court would have been required to make credibility determinations to resolve the motion, which is not the court's function on a motion for summary judgment (see Ferrante v American Lung Assn., 90 NY2d 623, 631 [1997]; Sanchez v Finke, 288 AD2d 122, 123 [1st Dept 2001]).
The court also providently exercised its discretion in denying the motion on the grounds of incomplete discovery (see CPLR 3212[f]; Lewis v Safety Disposal Sys. of Pa., Inc., 12 AD3d 324, 325 [1st Dept 2004]). In light of different versions of how and why the relationship between the parties broke down and numerous outstanding issues of fact, there was reason to believe that additional discovery and party depositions would lead to relevant evidence (see DaSilva v Haks Engrs., Architects & Land Surveyors, P.C., 125 AD3d 480, 482 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 13, 2022