**Aaronson v SN Funding, LLC**

2024 NY Slip Op 32021(U)

June 17, 2024

Supreme Court, Nassau County

Docket Number: Index No. 618225-2022

Judge: Jerome C. Murphy

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT: STATE OF NEW YORK
## COUNTY OF NASSAU

PRESENT:
        HON. JEROME C. MURPHY,
            Justice.

---

AARON AARONSON,

                        Plaintiff,

        - against -

SN FUNDING, LLC and YEHUDA LASRY,

                        Defendants.

---

YEHUDA LASRY,

                Third Party Plaintiff,

    - against-

BRIAN ROSENBURG a/k/a ISRAEL ROSENBERG
a/k/a SRULY ROSENBERG and NECHAMA
ROSENBERG,

               Third Party Defendants.

---

**TRIAL/IAS PART 5**

Index No. 618225-2022
Motion Date: 2-16-2024
Sequence Nos.: 003 & 004

**DECISION AND ORDER**

The following papers have been read on these motions:

Motion Sequence 003
Notice of Motion, Affirmation in Support and Exhibits...................................... 1
Memorandum of Law in Support............................................................. 2
Affirmation in Opposition and Exhibit .................................................... 3
Memorandum of Law in Reply.............................................................. 4

Motion Sequence 004
Notice of Motion, Affirmation in Support and Exhibits...................................... 1
Statement of Material Facts................................................................ 2
Affidavit in Opposition and Exhibits...................................................... 3
Memorandum of Law in Opposition........................................................... 4

-1-

Reply Affirmation..................................................................................... 5

## PRELIMINARY STATEMENT

In Motion Sequence 003, third party defendants move, pursuant to CPLR 3211(a)(1), (5), and (7) and CPLR 1007, to dismiss the third party complaint; and for such other and further relief as the Court deems just and proper. Opposition and reply have been submitted.

In Motion Sequence 004, defendant third party plaintiff Yehuda Lasry moves, pursuant to CPLR 3212, for summary judgment dismissing the complaint with prejudice; an award of attorney's fees and costs; and for such other, further, and different relief as to the Court may seem just and proper. Opposition and reply have been submitted.

## *BACKGROUND*

On December 23, 2022, plaintiff commenced this action against defendant SN Funding, LLC (hereinafter SNF) and defendant third party plaintiff Yehuda Lasry (*see* NYSCEF Doc. Nos. 1, 45). Plaintiff alleged that he loaned SNF, of which Lasry is a principal and owner, $3 million between 2017 and 2019, for the purpose of SNF loaning that money to its commercial clients as short-term bridge loans secured with mortgages against income-producing properties owned by SNF's commercial clients (*see id.*). Plaintiff alleged that he was promised an 18% return on his "investment" but that "[d]espite their promises [], Defendants did nothing to protect [his] investments" since defendants "often" did not perform title, lien, or judgment searches against the properties owned by SNF's commercial clients or obtain and file the mortgages (*id.*). Plaintiff further alleged that $1.5 million of his $3 million "investment" was repaid through conveyances of real estate to him and that only $1.5 million, plus interest, remained outstanding despite demand for same (*see id.*).

With respect to SNF, plaintiff sought to recover damages for breach of contract (first cause of action) and quantum meruit (second cause of action) (*see id.*). By decision and order, entered April 13, 2023, these two causes of action were dismissed pursuant to CPLR 3211(a)(1) and (5) (*see* NYSCEF Doc. No. 18).

As his third cause of action asserted against Lasry to recover damages for fraud, plaintiff alleged that Lasry made material and fraudulent misrepresentations "about the quality and safety of [SNF], its borrowers, and the protection of Plaintiff's monies" to him to induce him to loan money

[*2]

to SNF (NYSCEF Doc. Nos. 1, 45). Plaintiff further alleged that:

> "Lasry stated, amongst other things, that (i) [SNF] would only loan funds to borrowers that met stringent loan underwriting requirements; (ii) the borrowers' financials would be strictly scrutinized; (iii) no loan would issue without a title, lien and judgment search performed by a licensed title insurer; (iv) no loan would issue without a real estate appraisal showing sufficient equity in the real estate to be encumbered; and (v) the execution and recording of a proper mortgage" (id.).

Plaintiff also alleged that, "Lasry's representations were important to Plaintiff because Plaintiff knew the Company's loans were risky, given they were short term obligations with significant balloon payments at maturity, and were often subordinate to other first position lenders" and that, upon information and belief, SNF's "loan practices and standards were lax" and "[o]ften, the borrowers were insufficiently vetted and had substandard financials, and the loans were issued without proper title examination, appraisal, or filing [of] a mortgage" (id.).

In his answer, filed February 3, 2023, Lasry denied the material allegations of the complaint and raised the affirmative defense that plaintiff's claims were barred by a release and that "[a]ny damages to Plaintiff were caused not by Defendant LASRY, but by the actions of Brian Rosenberg, who will be the subject of a third-party complaint" (NYSCEF Doc. No. 16).

On the same day, Lasry commenced a third party action against third party defendants Brian Rosenburg a/k/a Israel Rosenberg a/k/a Sruly Rosenberg (hereinafter Brian) and Nechama Rosenberg (hereinafter Nechama) alleging breach of fiduciary duty against Brian (first third party cause of action), conversion against Brian (second third party cause of action), fraud against Brian (third third party cause of action), wrongful eviction against Brian (fourth third party cause of action), and unjust enrichment against both Brian and Nechama (fifth third party cause of action) (see NYSCEF Doc. No. 17). In their answer to the third party complaint, Brian and Nechama denied the material allegations of the third party complaint and raised numerous affirmative defenses (see NYSCEF Doc. No. 31).

Brian and Nechama now move, pursuant to CPLR 3211(a)(1), (5), and (7) and CPLR 1007, to dismiss the third party complaint. Lasry separately moves, pursuant to CPLR 3212, for summary judgment dismissing the complaint with prejudice and for an award of his attorney's fees and costs.

-3-

[*3]

*DISCUSSION*

*Lasry's Motion (Motion Seq. No. 004)*

Lasry contends that summary judgment should be granted to him based on a release executed by plaintiff prior to the commencement of this action. In support of his motion, he relies, inter alia, on documents filed as NYSCEF Doc. No. 13, which are a document entitled, "General Release" and includes as Schedule A, an earlier executed agreement entitled, "Mutual Release and Confidential Settlement Agreement" (NYSCEF Doc. No. 13).

In opposition, plaintiff asserts that the terms of the Mutual Release and Confidential Settlement Agreement executed in August 2021, were ambiguous and did not release Lasry or any of the other parties to the agreement "from anything" and that "the forgiveness was conditioned on [his] receipt of substantial consideration", which he did not receive in full (Memorandum of Law in Opposition, p. 3). Plaintiff also contends that Lasry was not a party to the General Release executed in December 2021, which was only between him, Rosenberg, and SNF. Further, plaintiff maintains that this motion is premature, that Lasry did not meet his prima burden since he only relied on an attorney affirmation in support of his motion, and that the Court's earlier decision and order entered April 13, 2023, does not qualify for law of the case treatment.

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "[O]n a motion for summary judgment, 'facts must be viewed in the light most favorable to the non-moving party'" (*William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013], *quoting Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]). "Only if the movant meets that standard does the burden then shift to the party opposing summary judgment to tender evidence, in a form admissible at trial, sufficient to raise a triable issue of fact" (*Scurry v New York City Hous. Auth.*, 193 AD3d 1, 9 [2nd Dept. 2021]; *see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d at 562).

Here, Lasry has met his prima facie burden of demonstrating his entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him through the Mutual Release

-4-

[*4]

and Confidential Settlement Agreement, executed August 31, 2021, which is referred to in the later-executed General Release and attached as Schedule A. At the outset, an attorney's affirmation can be used as a vehicle to introduce documentary evidence such as a contract, like the ones at issue in this action, in support of a motion for summary judgment (*see Zuckerman v City of New York*, 49 NY2d at 563 ["The affidavit or affirmation of an attorney, even if he has no personal knowledge of the facts, may, of course, serve as the vehicle for the submission of acceptable attachments which do provide 'evidentiary proof in admissible form', e.g., documents, transcripts."]; *Lewis v Safety Disposal Sys. of Pennsylvania, Inc.*, 12 AD3d 324, 325 [1st Dept. 2004]).

The Mutual Release and Confidential Settlement Agreement, which was executed by plaintiff, Lasry, and Brian, individually and on behalf of SNF, stated, at the beginning that "[w]hereas, the Parties have indicated to one another that they do have or may have claims and counterclaims against one another" and " [w]hereas, solely to avoid the expense and uncertainty of litigation, the Parties wish to mutually resolve all disputed matters as between them" (NYSCEF Doc. No. 13: Mutual Release and Confidential Settlement Agreement). Further, the Mutual Release and Confidential Settlement Agreement stated that, "[n]ow therefore, in consideration of the mutual promises set forth herein, the sufficiency of which is hereby acknowledged, the Parties agree to the following and mutually agree to have no further obligations to one another in full and final settlement of this matter" (*id.*). Section 2 provided that the "SNF Parties" which referred to SNF, Brian, and Lasry, transferred certain assets to plaintiff as consideration, and noted only that Brian and SNF's releases were conditional upon receipt of certain funds (*see id.* at § 2, 3[c], [d]). No condition was placed upon the release as it pertained to Lasry such that it was effective as of the date of the Mutual Release and Confidential Settlement Agreement.

Additionally, it was agreed that the parties would execute "any further documents, instruments and agreements reasonably necessary to effectuate the terms and intentions of this Settlement Agreement" (*id.* at § 9), which did occur upon the execution of the General Release in December 2021, which was necessary to finalize what had been a conditional release as it pertained to SNF and Brian. The General Release, although only entered into between plaintiff, SNF, and Brian, referred to the Mutual Release and Confidential Settlement Agreement and attached it as part of the General Release as Schedule A. The General Release noted that it was being executed as "the

-5-

parties ha[d] already entered into a written agreement assigning various responsibilities to various parties in order to facilitate a mutual release of all responsibilities for all parties going forward" (NYSCEF Doc. No. 13: General Release). The General Release further provided "[a]nd whereas, now of this date and time, after the above parties [plaintiff, SNF, and Brian] have completed all issues and obligations of that agreement except for the payment of $200,000.00 from [Brian] to [plaintiff], and there being no other issues remaining between the parties" before acknowledging that Brian had paid the $200,000 to plaintiff (*id.*). This resulted in plaintiff releasing Brian and SNF from all actions which he ever had or may have against them "from the beginning of the world to the day of the date of this release, and particularly, but without in any manner limiting the foregoing, on account of any and all claims made in connection with the certain 'Mutual Release and Confidential Settlement Agreement['] dated August 31, 2021, and any various business loans, commissions, and investments" (*id.* at § 4).

"A stipulation of settlement is a contract between the parties thereto and, as such, is subject to principles of contract interpretation" (*Bernstein v Frazer*, 211 AD3d 899, 900 [2nd Dept. 2022]). "A contract should be read as a whole, with every part interpreted with reference to the whole; if possible, the contract will be interpreted so as to give effect to its general purpose" (*Grandfeld II, LLC v Kohl's Dept. Stores, Inc.*, 163 AD3d 782, 784 [2nd Dept. 2018]; *see Beal Sav. Bank v Sommer*, 8 NY3d 318, 324 [2007]; *Excess Ins. Co. Ltd. v Factory Mut. Ins. Co.*, 3 NY3d 577, 582 [2004]). Reading the General Release as a whole, with its Schedule A, the Mutual Release and Confidential Settlement Agreement, which is attached and referred to, plaintiff has released Lasry for liability with respect to the actions described in the complaint, which occurred prior to the date of the Mutual Release and Confidential Settlement Agreement. Although this Court's prior decision and order entered April 13, 2023, discussed solely the language used in the General Release as it related to SNF without discussing the entirety of the agreement insofar as it related to the earlier executed Mutual Release and Confidential Settlement Agreement, and in particular, to Lasry, it is instructive with respect to that branch of Lasry's motion which is for summary judgment dismissing the complaint insofar as asserted against him. Reading the two documents together and giving meaning to the terms of both, the General Release served to release plaintiff's claims insofar as they related to Brian and SNF which had only been conditionally released as to Brian and SNF as opposed to the

-6-

unconditional release provided to Lasry under the Mutual Release and Confidential Settlement Agreement.

In opposition, the evidence submitted by plaintiff does not raise a triable issue of fact. While plaintiff is correct that Section 2(b) of the Mutual Release and Confidential Settlement Agreement, stated that, "[a]s a material inducement to the SNF Parties to enter into this settlement, [plaintiff] . . . hereby releases and forever discharges SNF Parties . . . of and from any and all claims, counterclaims, demands, damages, debts, liabilities, accounts, actions, causes of action and suits, known or unknown, liquidated or contingent, arising from, which may arise in the future from, or which are related in any manner *to the Action*" (*id.* at § 2[b][emphasis added]), plaintiff's interpretation of the agreement as having released no claims against Lasry renders Section 2(b) of the Mutual Release and Confidential Settlement Agreement meaningless which would run afoul of contract principles. The Mutual Release and Confidential Settlement Agreement also provided that plaintiff and Lasry, plus Brian and SNF, "wish[ed] to mutually resolve all disputed matters as between them" and that they were "mutually agree[ing] to have no further obligations to one another in full and final settlement of this matter" (*id.*).

"[C]ourts should read a contract 'as a harmonious and integrated whole' to determine and give effect to its purpose and intent" (*Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc.*, 30 NY3d 572, 581 [2017], *quoting Matter of Wesmoreland Coal Co. v Entech, Inc.*, 100 NY2d 352, 358 [2003]). "A reading of [a] contract should not render any portion meaningless" (*Beal Sav. Bank v Sommer*, 8 NY3d at 324). An agreement "should be read as a whole to ensure that undue emphasis is not placed upon particular words and phrases" (*Bailey v Fish & Neave*, 8 NY3d 523, 528 [2007]). Here, plaintiff's reading of the Mutual Release and Confidential Settlement Agreement to mean that since the document did not define "Action" and because there was no pending action in court at the time, Lasry, as one of the SNF parties, was not released from anything as a result, renders the release provision in this document as it pertained to Lasry meaningless as well as rendering the other provisions of the document which discussed resolving all disputed matters between the parties and agreeing to have no further obligations to one another similarly without meaning.

Moreover, plaintiff's contention that he did not receive the full the consideration set forth in

-7-

Section 2 of the Mutual Release and Confidential Agreement, such that the release is not effective against Lasry fails to read the document as a whole. Section 2 states that "[i]n exchange for the covenants contained herein, the SNF Parties hereby transfer fully and unconditionally, the following assets to [plaintiff]" without any conditional language (NYSCEF Doc. No. 13: Mutual Release and Confidential Settlement Agreement, at § 2). The only conditions placed on the release set forth in Section 3 pertained to Brian and SNF, but not to Lasry. Consequently, based on the terms of the Mutual Release and Confidential Settlement Agreement, the evidence submitted by plaintiff does not raise a triable issue of fact.

Although plaintiff states that the motion is premature, plaintiff does not make any arguments as to which facts may exist which may be uncovered during discovery to defeat the branch of Lasry's motion which is for summary judgment dismissing the complaint insofar as asserted against him (*see* CPLR 3212[f]). "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (*Morales v Amar*, 145 AD3d 1000, 1003 [2nd Dept. 2016]). Here, plaintiff does neither in his opposing papers (*see Deerin v Ocean Rich Foods, LLC*, 158 AD3d 603, 606 [2nd Dept. 2018]).

With respect to that branch of Lasry's motion which is for the recovery of his attorney's fees based on the language of the Mutual Release and Confidential Settlement Agreement, Lasry does not demonstrate his entitlement to such fees on this record. The Mutual Release and Confidential Settlement Agreement provides that, "[t]he prevailing party in any enforcement action shall be entitled to recover from the other party, in addition to all other remedies available at law, an amount equal to all costs and expenses incurred in connection with such enforcement, including reasonable attorney fees at the trial level and in connection with all appellate proceedings" (NYSCEF Doc. No. 13: Mutual Release and Confidential Settlement Agreement at § 12). The subject action is not an enforcement proceeding. Consequently, based upon the plain language of the settlement agreement, Lasry has not demonstrated that he is entitled to his attorney fees pursuant to contract as a matter of law. In light of the fact that Lasry did not submit evidence demonstrating his entitlement to attorney fees as a matter of law, plaintiff's opposition need not be considered with respect to this branch of Lasry's motion (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853).

-8-

*Third Party Defendants' Motion (Motion Sequence 003)*

"The liability to be imposed upon a third-party defendant in a third-party action commenced pursuant to CPLR 1007 should 'arise from or be conditioned upon the liability asserted against the third-party plaintiff in the main action'" (*Lucci v Lucci*, 150 AD2d 649, 650 [2nd Dept. 1989], *quoting BBIG Realty Corp. v Ginsberg*, 111 AD2d 91, 93 [1st Dept. 1985]; *see Galasso, Langione & Botter, LLP v Liotti*, 81 AD3d 880, 883 [2nd Dept. 2011]). Here, Lasry's third party causes of action do not arise from or are conditioned upon plaintiff's third cause of action alleged against Lasry in the main action. Instead, Lasry asserts causes of action seeking to recover damages for, inter alia, breach of fiduciary duty, conversion, fraud, and unjust enrichment which are not related to plaintiff's claim of fraud against Lasry. As a result, that branch of the third party defendants' motion which is pursuant to CPLR 3211(a)(7) and 1007 to dismiss the third party complaint is granted (*see Galasso, Langione & Botter, LLP v Liotti*, 81 AD3d at 883).

In light of this Court's determination, it need not reach the remaining branches of the third party defendants' motion or address Lasry's request in his opposing papers, without proper notice of motion, to amend the third party complaint.

Accordingly, it is

ORDERED that the branch of the motion of defendant third party plaintiff Yehuda Lasry which is, pursuant to CPLR 3212, for summary judgment dismissing the complaint with prejudice insofar as asserted against him is GRANTED; and it is further

ORDERED that the branch of the motion of the third party defendants which is, pursuant to CPLR 3211(a)(7) and 1007, to dismiss the third party complaint is GRANTED, and the third party complaint is dismissed without prejudice.

To the extent that requested relief has not been granted, it is expressly denied.

This constitutes the Decision and Order of the Court.

Dated: Mineola, New York
     June 17, 2024

E N T E R:

*Jerome C Murphy*

JEROME C. MURPHY, J.S.C.