■ In the Matter of the Claim of JOHN E. NEWMAN, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.—*Per Curiam.* Appeal by claimant from an adverse determination of the Unemployment Insurance Appeal Board. Claimant filed claims for benefits effective December 12, 1960, December 25, 1961 and November 19, 1962. By initial determination effective as of the date of the first filing he was ruled ineligible to receive benefits, was found to have been overpaid in the recoverable sum of $2,100 and his right to future benefits was forfeited for 156 effective days because of willful false statements made to obtain them. The Referee modified the initial determination by reducing the amount of the overpayment to $262.50 and the extent of the penalty to 24 effective days. Upon appeal the board reversed the decision of the Referee and reinstated that of the Industrial Commissioner holding that claimant was engaged in the seasonal business of raising crops of vegetables which was only temporarily suspended during the Winter months and that his repeated certifications of total unemployment and specific denials of self-employment constituted willful misrepresentations to obtain benefits. The evidence discloses that claimant was regularly employed as an operator of heavy machinery used in construction work from early Spring to late Fall and that between July 1 and late October in each of the years in which benefits were claimed he also operated a stand for the sale of vegetables which he planted, cultivated and harvested during the periods in which such agricultural activity is usually performed. In the forepart of December of each year the stand was used for the sale of Christmas trees. Claimant testified to an intent to continue the operation in the future. In the questionnaires which he submitted upon his applications for benefits he answered in the negative the question, " Are you self-employed (see footnote) ? (Also check ' Yes ' if you operate a farm)." The footnote read: " By ' self-employed' is meant: Do you do any work on your own that brings you income or may bring income in the future? " The construction and application given the flexible term " total unemployment " (Unemployment Insurance Law [Labor Law, art. 18], § 522) by the board charged with its administration cannot be said to lack rational basis or to be arbitrary or capricious and, hence, must be accepted by us. (*Bullock* v. *Cooley,* 225 N. Y. 566, 571; *Matter of Mounting & Finishing Co.* v. *McGoldrick,* 294 N. Y. 104, 108; *Matter of Park East Land Corp.* v. *Finkelstein,* 209 N. Y. 70, 75; *Matter of Marsh* [*Catherwood*], 13 N Y 2d 235, 239.) The determination that claimant's failure to disclose self-employment constituted a willful concealment of a material fact and that therefore he had no right to retain the benefits received (Labor Law, §§ 594, 597, subd. 4) presented a question of fact which was within the sole province of the board and we cannot say as a matter of law that the record contains no support for the decision reached or that the penalty imposed which was within authorized limits (Labor Law, § 594) was unwarranted. Decision affirmed, without costs. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.