■     In the Matter of the Claim of GREGORY UTTER, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 25, 1975, which reversed the decision of a referee and sustained the initial determination of the Industrial Commissioner holding the claimant ineligible for benefits upon the ground that he was not totally unemployed during the period in issue. Claimant is employed by a private school for mentally retarded children and young adults. While paid an annual salary over a 12-month period, claimant is not required to work a good portion of July and August. In the summer of 1974 claimant finished his duties in early July and had a contract to return on August 21. He filed for benefits but was ruled ineligible upon a finding that he was not totally unemployed. We are concerned with but a single question. Is there substantial evidence to support the board's decision that claimant was not totally unemployed? Such a determination is one of fact and solely within the province of the board, and its decision should be affirmed, if supported by substantial evidence *(Matter of Bartlett [Catherwood], 32 AD2d 591)*. Claimant's concession that he was paid an annual salary over a 12-month period, his contract for the coming year, and the fact that the bargaining agreement between the employer and claimant's union refers to annual salaries in the salary schedules provide the necessary evidence to support the board's determination. Claimant's assertion that the amounts paid during July and August are previously earned moneys disbursed in July and August, pursuant to the accrual provisions of the bargaining agreement, is only a point to be considered in the resolution of the over all question. The term "Total unemployment" (Unemployment Insurance Law, § 522 [Labor Law, art 18]) is a flexible term and the construction and application given that term by the board cannot be said here to lack rational basis or to be arbitrary or capricious and, hence, must be accepted by us *(Matter of Newman [Catherwood], 24 AD2d 1042)*. The record supports the decision reached and it should be affirmed. Decision affirmed, without costs. Sweeney, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.