In the Matter of the Claim of YITZCHOK WOLFSON, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.

Third Department, April 7, 1977

*Yitzchok Wolfson,* appellant *pro se.*

*Louis J. Lefkowitz, Attorney-General (Edward R. Moss, Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for respondent.

SWEENEY, J. This is an appeal from a decision of the Unemployment Insurance Appeal Board, filed December 3, 1975, which affirmed the decision of a Referee sustaining an initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits under the Special Unemployment Assistance Program (88 US Stat 1850-1853) effective July 28, 1975 because he was not totally unemployed.

Claimant, a school teacher, was paid for 12 months of service although he only worked for 10 months. Claimant did not work in July and August of 1975 and was not to receive

payment for these two months until December of 1975. The Referee found that claimant was employed on a 12-month-a-year basis, two of the months being deemed vacation months for which claimant was not to be paid until December. The ·board adopted the findings of fact and opinion of the Referee. In determining whether claimant was totally unemployed in order to entitle him to benefits under the Special Unemployment Assistance Program, the terms and conditions of this State's unemployment compensation law are to be applied (US Code, tit 26, § 3304; Special Unemployment Assistance Program, § 207).

Any day during a paid vacation period may not be considered a day of total unemployment (Labor Law, § 591, subd 3). A paid vacation period is defined as a vacation period for which a claimant is given a payment or allowance not later than 30 days thereafter (Labor Law, § 591, subd 3, par [c]). Since claimant was not to receive payment for July and August until December, he maintains those months were not a paid vacation period and consequently, the board improperly determined he was ineligible for benefits. We disagree. We have repeatedly and consistently held that a teacher who worked only 10 of 12 months of the year, but was paid for 12 months of service, lacked total unemployment for the two months in question (*Matter of Utter [Levine]*, 52 AD2d 994; *Matter of Colletta [Levine]*, 44 AD2d 774). That portion of the Labor Law relied upon by claimant does not mandate a contrary holding in the instant case. In our view, section 591 of the Labor Law has no application in a situation where a claimant's salary is, as here, based on a 12-month period and he is paid for each of those 12 months. Section 591 concerns itself with the distinction between an employee on a true vacation period and an employee who is on a temporary lay-off or who has been terminated. Unemployment insurance benefits are to aid those temporarily unemployed and not to supplement full salary paid to an annual worker.

Since we have concluded that subdivision 3 of section 591 of the Labor Law is not applicable to this claim, we now must consider whether there is substantial evidence to support the board's determination that claimant was not totally unemployed. The record supports a finding that claimant was paid for 12 months and specifically that he was to be paid for July and August, the months in which he claims total unemployment. This court is of the opinion that there is substantial

evidence to support the decision reached and it, therefore, should be affirmed (see *Matter of Utter [Levine], supra).*

The decision should be affirmed, without costs.

KOREMAN, P. J., GREENBLOTT, KANE and MAHONEY, JJ., concur.

Decision affirmed, without costs.