■ In the Matter of the Claim of Sandra Smith, Respondent. Moriah Central School District, Appellant. Lillian Roberts, as Industrial Commissioner, Respondent. — Appeal (1) from a decision of the Unemployment Insurance Appeal Board, filed December 16, 1980, which reversed the decision of a referee and sustained the initial determination of the Industrial Commissioner holding claimant eligible for benefits upon the ground that she was totally unemployed during the period in issue, and (2) from a decision of the board, filed September 4, 1981, which denied the employer's application to reopen. Claimant was employed as an art teacher in 1976. In the spring of 1979, she was denied tenure and advised that her employment would end on June 30, 1979. Claimant's application for benefits was approved, effective July 1, 1979. Following a hearing, a referee determined that claimant received an annual salary and thus was not totally unemployed through July and August

of 1979. The board reversed, finding claimant was employed on a 10-month basis only. The employer has appealed. Initially, we note that claimant was not afforded a reasonable assurance of employment for the ensuing school year (see Labor Law, § 590, subd 10). The sole issue here is whether claimant was totally unemployed during July-August, 1979. What constitutes total unemployment is a factual issue for board resolution (*Matter of De Vivo [Levine]*, 51 AD2d 619). Generally, a school teacher compensated on an annual basis cannot be considered totally unemployed during the summer months (*Matter of Wolfson [Ross]*, 57 AD2d 10; *Matter of Utter [Levine]*, 52 AD2d 994; *Matter of Darwin [Catherwood]*, 30 AD2d 996). Here, the employer argues that claimant was not totally unemployed during the subject period since she received an annual salary. The credible evidence, however, establishes the contrary. Pursuant to a collective bargaining agreement, claimant had opted to receive payments of one tenth of her salary each month during the school year. Critical to the board's decision were the facts that final payment was made in June, 1979, and although the employer prepaid its employees' health insurance coverage through August, 1979, here, claimant's coverage ended June 30, 1979. The collective bargaining agreement did not constitute a contract of employment, nor did the salary schedule indicate payment of an *annual* salary. Given these criteria, the board's determination of "total unemployment" cannot be said to lack a rational basis (*Matter of Newman [Catherwood]*, 24 AD2d 1042). The determination is supported by substantial evidence and should be affirmed. Finally, the decision to reopen is addressed to the discretion of the board (12 NYCRR 463.6 [a]; *Matter of De Siato [Ross]*, 74 AD2d 988). In its decision, the board noted that claimant did not receive an appointment for the 1978-1979 school year, and that the record was "barren of any proof of the term of claimant's employment for that year". The employer's application for reconsideration included a document entitled "Statement of Rate of Salary" which purportedly established an annual salary arrangement. The document does refer to a "yearly" rate of salary commencing September 1, 1978, but does not define whether the term "yearly" refers to a calendar year or the traditional 10-month school year ending in June. As such, the document is not determinative of the issue. In our view, the board's decision to deny reopening was not an abuse of discretion and is affirmed. Decisions affirmed, without costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.