■ In the Matter of the Claims of SHALIMAR T. SUMMERS et al., Appellants. NEW YORK CITY BOARD OF EDUCATION, Respondent; COMMISSIONER OF LABOR, Respondent. [799 NYS2d 675]—

Spain, J. Appeals from three decisions of the Unemployment Insurance Appeal Board, filed February 23, 2004, which ruled that claimants were ineligible to receive unemployment insurance benefits because they were not totally unemployed.

Claimants were employed as full-time educational paraprofessionals during the 2002-2003 school year. Although they worked for only 10 months, they were paid biweekly portions of their annual salaries over a 12-month period pursuant to a collective bargaining agreement (hereinafter CBA) entered into by their employer. The school year ended on June 26, 2003 and claimants were terminated effective June 30, 2003. Thereafter, they remained on the payroll through August 2003 and continued to receive biweekly paychecks which were equivalent to those they had received during the school year.

Claimants then filed applications for unemployment insurance benefits, which were denied. Following hearings, the Administrative Law Judge upheld the initial determinations, finding that claimants were not eligible to receive benefits because the summer period beginning on June 27, 2003 was designated by the CBA as a vacation period and, therefore, claimants were not "unemployed" during that time. The Unemployment Insurance Appeal Board thereafter affirmed, prompting these appeals by claimants.

As substantial evidence supports the Board's decisions, we affirm. Pursuant to Labor Law § 591, a claimant is eligible to receive unemployment insurance benefits only if he or she is "totally unemployed," i.e., has "the total lack of any employment on any day" (Labor Law § 522; see Matter of Smith [Commissioner of Labor], 8 AD3d 744, 745 [2004]). Accordingly, a claimant is not entitled to receive unemployment benefits during a paid "vacation period" as that term is designated in the applicable CBA (see Labor Law § 591 [3] [a], [b]; Matter of Cohen [New York City Bd. of Educ.—Ross], 54 NY2d 659, 660-661 [1981], cert denied 454 US 1118 [1981]). Here, the CBA provides that the work year begins in September and ends in June but that paraprofessionals will receive "vacation pay for the summer following their appointment or cessation of service" based upon the amount of time they work during the school year. Moreover, the CBA expressly references the school calendar given to claimants which indicates when the summer vacation officially begins.

Claimants contend that because they were paid a 10-month

salary over a 12-month period, their summer paychecks constituted deferred compensation rather than true vacation pay. They further argue that, because they were laid off indefinitely and were not assured of work in September 2003, they were not actually "on a vacation" during July and August 2003. We disagree.

"We have repeatedly and consistently held that a [claimant] who worked only 10 of 12 months of the year, but was paid for 12 months of service, lacked total unemployment for the two months in question" (*Matter of Wolfson [Ross]*, 57 AD2d 10, 11 [1977] [citation omitted]). Since unemployment insurance benefits are intended to help those who are temporarily unemployed and not to supplement a full annual salary, Labor Law § 591 has no application to a situation where, as here, a claimant's salary is based on a 12-month period and he or she is paid for each of those 12 months (*see id.* at 11; *Matter of Blitz [Corsi]*, 275 App Div 1015, 1015 [1949], *affd* 302 NY 573 [1951]). Furthermore, a paid vacation period may exist even when a claimant receives a payment that is considered to be remuneration for prior services rendered and irrespective of whether the employment has been terminated (*see* Labor Law § 591 [3] [c]). Thus, although claimants were terminated in June 2003, this fact does not change the CBA's designation of July through August as a paid vacation period. Mindful that the question of what constitutes total unemployment is a factual issue for the Board to resolve (*see Matter of Makis [Candor Cent. School Dist.—Sweeney]*, 233 AD2d 743, 743 [1996], we discern no error in the Board's decisions (*see Matter of McNeill [Board of Educ. of City School Dist. of City of N.Y.—Roberts]*, 88 AD2d 1050, 1051 [1982], *affd* 58 NY2d 959 [1983]). We have reviewed claimant's remaining arguments and find them to be either unpreserved for review or lacking in merit.

Cardona, P.J., Crew III, Carpinello and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.