Matter of Almindo (New York State Dept. of Corr. & Community Supervision--Commissioner of Labor) (2023 NY Slip Op 06424)

Matter of Almindo (New York State Dept. of Corr. & Community Supervision--Commissioner of Labor)

2023 NY Slip Op 06424

Decided on December 14, 2023

Appellate Division, Third Department

Egan Jr., J.P.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 14, 2023

CV-22-2052

[*1]In the Matter of the Claim of Steven Almindo, Appellant. New York State Department of Corrections and Community Supervision, Respondent. Commissioner of Labor, Respondent. (And Four Other Related Claims.)

Calendar Date:November 14, 2023

Before: Egan Jr., J.P., Pritzker, Fisher, McShan and Powers, JJ.

Edward J. Greene Jr., New York State Public Employees Federation, AFL-CIO, Albany (Alison M. Thorne of counsel), for appellants.
New York State Department of Corrections and Community Supervision, Albany (Mark G. Richter of counsel), for New York State Department of Corrections and Community Supervision, respondent.
Letitia James, Attorney General, New York City (Mary Hughes of counsel), for Commissioner of Labor, respondent.

Egan Jr., J.P.
Appeals from five decisions of the Unemployment Insurance Appeal Board, filed May 4, 2022, which ruled, among other things, that claimants were ineligible to receive unemployment insurance benefits because they were not totally unemployed.
Claimants were civil service employees who worked full time as instructors or teachers for incarcerated individuals, or educational supervisors, at facilities operated by the Department of Corrections and Community Supervision (hereinafter DOCCS). Claimants were paid an annual salary to teach or supervise teaching during the academic year, which ran from approximately September 1 through June 30 according to the schedule set by each facility. Their employment was governed by a collective bargaining agreement (hereinafter CBA) entered into between the state and claimants' union, the Public Employees Federation, AFL-CIO (hereinafter PEF). The CBA provided that claimants had the option of receiving their annual salary biweekly either over the academic year or over the calendar year; all of the claimants except Michael Heintz opted to receive their salary over the 12-month calendar year. Prior to 2020, claimants were offered work over the summer, if it was available, for which they were paid additional hourly compensation. Claimants worked through the June 2020 academic year, remained on the payroll over the summer and returned to work in September 2020, although they did not perform additional work over that summer due to the COVID-19 pandemic.
After they were advised that there would be no additional work available for the summer of 2020, claimants filed for and received unemployment insurance benefits including regular unemployment insurance benefits, federal pandemic unemployment compensation (hereinafter FPUC) and pandemic unemployment assistance (hereinafter PUA) under the Coronavirus Aid, Relief and Economic Security Act of 2020 (the CARES Act) (see 15 USC §§ 9021, 9023, 9025) and Lost Wage Assistance benefits (hereinafter LWA) (see 44 CFR 206.120). The Department of Labor determined that claimants were paid an annual salary and were consequently ineligible to receive regular or federal benefits in that they were not totally unemployed effective as of specified dates in June 2020, and charged them with certain overpayments.
At the hearing requested by claimants, testimony was taken and DOCCS, the Commissioner of Labor and PEF, on behalf of claimants, reached a stipulation and agreement that the decision for the five named claimants would bind the Department, DOCCS and 172 other PEF members listed in the agreement (see 12 NYCRR 461.4 [g]). The stipulation governed the issues of whether claimants were totally unemployed, eligible for regular unemployment insurance benefits or eligible for PUA, FPUC or LWA benefits. In essentially identical determinations, the Administrative Law Judge (hereinafter ALJ) sustained the initial determinations and found that, pursuant to Civil Service Law § 136, claimants were not [*2]totally unemployed during the summer of 2020 in that they were employed on an annual basis and paid an annual salary, regardless of how they opted to be paid (on a calendar or academic year); thus, they were not entitled to regular, PUA, FPUC or LWA unemployment benefits. The ALJ also upheld the determination that the overpayments of FPUC and LWA benefits are recoverable.
On claimants' appeal, the Unemployment Insurance Appeal Board issued five substantially identical decisions adopting the ALJ's finding and opinions. The Board further found that claimants must be totally unemployed within the meaning of the state Labor Law to be eligible for PUA benefits. Claimants appeal.
We affirm. Under state law, regular unemployment insurance benefits require total unemployment (see Labor Law § 591 [1]; Matter of Kelly [Commissioner of Labor], 215 AD3d 1157, 1158 [3d Dept 2023]), which is defined as "the total lack of any employment on any day" (Labor Law § 522 [emphasis added]). "Whether a claimant is totally unemployed and thereby entitled to receive unemployment insurance benefits is a factual issue for the Board to decide and its decision will be upheld if supported by substantial evidence" (Matter of Chin [Commissioner of Labor], 211 AD3d 1263, 1264 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Cruz [Commissioner of Labor], 215 AD3d 1203, 1204 [3d Dept 2023]). In finding that claimants were not totally unemployed during the summer 2020 recess, the Board properly relied upon Civil Service Law § 136, which applies to teachers and instructors at state institutions, including those operated by DOCCS, and provides that the "annual salary" for those employees may be paid over 10 months or 12 months (Civil Service Law § 136 [2]; see Civil Service Law § 136 [1]; Matter of Darwin [Catherwood], 30 AD2d 996, 996 [3d Dept 1968]).[FN1] If they are required to work outside of the academic year, they must receive "additional compensation" beyond their annual salary, which, by definition, compensates them for the entire 12-month year including the summer recess (Civil Service Law § 136 [2]).
The fact that optional, additional work was not available over the summer of 2020, as it had been in prior years, does not change the analysis or conclusion that claimants remained employed over the summer recess, i.e., they were not totally unemployed (see Matter of McNamara [Commissioner of Labor], 215 AD3d 1215, 1216 [3d Dept 2023]). To that end, "unemployment insurance benefits are [not] intended . . . to supplement a full annual salary" (Matter of Summers [New York City Bd. of Educ.-Commissioner of Labor], 21 AD3d 669, 671 [3d Dept 2005]). The Board properly rejected claimants' contention that they were employed and compensated for only 10 months each year and unemployed during the summer. As it was undisputed that claimants, although only required to work during the academic year, were paid their full annual salary, substantial evidence supports [*3]the Board's finding that they were not totally unemployed during the summer recess of 2020 and, thus, were ineligible to receive regular unemployment benefits for that period (see Matter of Darwin [Catherwood], 30 AD2d at 996; see also Matter of Chin [Commissioner of Labor], 211 AD3d at 1264; Matter of Gronowicz [Commissioner of Labor], 59 AD3d 824, 824 [3d Dept 2009]; Matter of Summers [New York City Bd. of Educ.-Commissioner of Labor], 21 AD3d at 671; Matter of Wolfson [Ross], 57 AD2d 10, 11 [3d Dept 1977]).
"Given the Board's finding that claimant[s were] not totally unemployed and therefore ineligible for unemployment insurance benefits under state law, claimant[s were] also not eligible to receive federal pandemic assistance under the CARES Act" (Matter of McNamara [Commissioner of Labor], 215 AD3d at 1216 [citations omitted]). Claimants were further properly charged with recoverable overpayments, including for the PUA [FN2] (see 15 USC § 9021 [h]; 20 CFR 625.14), FPUC (see 15 USC § 9023 [b] [1]; [f] [2]) and LWA (see 44 CFR 206.120 [f] [5]; see also 15 USC § 9025 [e] [2]; Matter of Spring [Syracuse City Sch. Dist.-Commissioner of Labor], 215 AD3d 1211, 1212 [3d Dept 2023]; Matter of Cruz [Commissioner of Labor], 215 AD3d at 1204; Matter of Chin [Commissioner of Labor], 211 AD3d at 1264).
Contrary to claimants' arguments, the Board correctly concluded that their entitlement to PUA benefits is governed by state unemployment insurance law, including the requirement of total unemployment. This conclusion "is consistent with the guidance provided by the US Department of Labor, the federal agency tasked with providing operating instructions for the joint state-federal pandemic unemployment insurance program," of which this Court has taken judicial notice (Matter of Mikheil [Commissioner of Labor], 206 AD3d 1422, 1425 [3d Dept 2022]). That guidance provides that "the terms and conditions of the state law of the applicable state for an individual which apply to claims for, and the payment of, regular compensation apply to the payment of PUA to individuals" (US Department of Labor, Employment and Training Administration, Unemployment Insurance Program Letter No. 16-20, at I-9 [attachment 1], available at https://www.dol.gov/agencies/eta/advisories/unemployment-insurance-program-letter-no-16-20; see US Department of Labor, Employment and Training Administration, Unemployment Insurance Program Letter No. 09-21, complete document at 3-4 ["The programs and provisions within . . . the CARES Act operate in tandem with the fundamental eligibility requirements of the Federal-State (unemployment insurance) program" and "(s)tates must ensure that individuals only receive benefits in accordance with federal and state law"], available at https://www.dol.gov/agencies/eta/advisories/
unemployment-insurance-program-letter-no-09-21). We have considered claimants' remaining contentions and find that they do not support a contrary result.
Pritzker, Fisher, McShan and Powers[*4], JJ., concur.
ORDERED that the decisions are affirmed, without costs.

Footnotes

Footnote 1: We agree with the Board's conclusion that Labor Law § 590 (10) and (11), and the decisions and guidance provided thereunder, are inapplicable in that they govern employment with educational institutions and not state institutions or facilities run by DOCCS. The CBA governing claimants reflects that they are teachers in state institutions. This Court has "accepted the Department of Labor's definition of an educational institution, as an organization established for the purpose of operating a school, schools, or alternative educational experience offering a program of instruction in academic, technical or vocational subjects, which is certified by, under contract to or subject to the regulations of the Commissioner of Education" (Matter of Fernandez [Suffolk County Org. for Promotion of Educ.-Commissioner of Labor], 50 AD3d 1399, 1400 [3d Dept 2008] [internal quotation marks and citations omitted; emphasis added], lv denied 11 NY3d 705 [2008]). While DOCCS offers an array of educational and instructional opportunities for incarcerated individuals, it was not established for educational or instructional purposes but, rather, was established "to ensure the appropriate care, custody, treatment, and supervision of offenders, whether in a correctional facility or in the community" (Mark Bonacquist, Practice Commentaries, McKinney's Cons Laws of NY, Book 10B, Correction Law § 5 at 29; see Correction Law §§ 2 [4]; 112, 136).

Footnote 2: As claimants lacked total unemployment, they did not demonstrate entitlement to PUA benefits or that they were unable to work — indeed, they continued to receive their annual salary during the summer recess although they did not have an offer to work in the summer — due to one of the qualifying statutory conditions (see 15 USC § 9021 [a] [3] [A] [ii] [I]).