Matter of Bruyere (New York State Dept. of Corr. & Community Supervision--Commissioner of Labor) (2024 NY Slip Op 00662)

Matter of Bruyere (New York State Dept. of Corr. & Community Supervision--Commissioner of Labor)

2024 NY Slip Op 00662

Decided on February 8, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 8, 2024

CV-22-2051
[*1]In the Matter of the Claim of Bernard Bruyere, Appellant. New York State Department of Corrections and Community Supervision, Respondent. Commissioner of Labor, Respondent.

Calendar Date:January 17, 2024

Before:Aarons, J.P., Pritzker, Lynch, Fisher and Mackey, JJ.

Edward J. Greene Jr., New York State Public Employees Federation, AFL-CIO, Albany (Alison M. Thorne of counsel), for appellant.
New York State Department of Corrections and Community Supervision, Albany (Danielle D. May of counsel), for New York State Department of Corrections and Community Supervision, respondent.
Letitia James, Attorney General, New York City (Mary Hughes of counsel), for Commissioner of Labor, respondent.

Mackey, J.
Appeals from four decisions of the Unemployment Insurance Appeal Board, filed August 26, 2022, which ruled, among other things, that claimants were ineligible to receive unemployment insurance benefits because they were not totally unemployed.
At all times relevant, claimants were full-time civil service employees working at facilities operated by the Department of Corrections and Community Supervision (hereinafter DOCCS) and performing services as either educational supervisors or instructors or teachers for incarcerated individuals. Claimants were paid an annual salary for their teaching or supervisory duties during the academic year, which generally ran from September 1 through June 30 — subject to the specific schedule set by each facility. Claimants' employment was governed by a collective bargaining agreement entered into between the state and the Public Employees Federation, AFL-CIO (hereinafter PEF), pursuant to the terms of which claimants had the option of receiving their annual salary over the course of either the 10-month academic year or the 12-month calendar year. Claimants Bernard Bruyere, Lori Green and Sandra Onufer elected to be paid over a 12-month period, and claimant Amy Ellis opted to be paid over a 10-month period.
Prior to 2020, claimants also performed services for DOCCS during the summer months. This work was optional, not mandatory, and claimants were paid additional compensation at an hourly rate. In 2020, claimants worked through the end of the academic year in June, remained on the payroll in July and August and returned to their respective positions in September. Due to the COVID-19 pandemic, however, claimants were not offered and did not perform additional duties over the summer months.
After learning that no additional summer work would be available, claimants applied for and received various benefits, including regular unemployment insurance benefits, federal pandemic unemployment compensation (hereinafter FPUC) and pandemic unemployment assistance (hereinafter PUA) under the Coronavirus Aid, Relief and Economic Security Act of 2020 (the CARES Act) (see 15 USC §§ 9021, 9023, 9025) and Lost Wage Assistance (hereinafter LWA) (see 44 CFR 206.120). The Department of Labor subsequently determined that because claimants were employed and paid on an annual basis, they were not totally unemployed on certain dates beginning in June 2020. As a result, claimants were deemed ineligible to receive state or federal benefits and were charged with recoverable overpayments.
At the start of the combined hearing that followed, the Administrative Law Judge (hereinafter ALJ) referenced a stipulation entered into by the Commissioner of Labor, PEF and DOCCS, whereby it was agreed that the ALJ's decision with respect to the four named claimants would bind the Department, DOCCS and the 42 PEF members listed in the agreement. Specifically, it was agreed that the stipulation would govern whether claimants were totally unemployed during [*2]the relevant time periods, as well as claimants' entitlement to regular unemployment insurance benefits and/or FPUC, PUA or LWA benefits. In four substantially similar decisions, the ALJ upheld the denial of benefits, finding that, pursuant to Civil Service Law § 136, claimants were not totally unemployed during the summer of 2020 because they were employed and paid on an annual basis — regardless of how they elected to receive such salary. Accordingly, the ALJ concluded that claimants were not entitled to regular unemployment, FPUC, PUA or LWA benefits and deemed the overpayments of FPUC and LWA benefits to be recoverable. Upon claimants' administrative appeals, the Unemployment Insurance Appeal Board issued four decisions affirming the ALJ's findings and conclusions. These appeals ensued.
The issues raised here — namely, whether claimants were totally unemployed during the relevant time period and their corresponding eligibility for state unemployment insurance benefits and/or federal pandemic relief/assistance — were addressed and decided in our recent decision in Matter of Almindo (New York State Dept. of Corr. & Community Supervision-Commissioner of Labor) (___ AD3d ___, 2023 NY Slip Op 06424 [3d Dept 2023]). Like claimants here, the claimants in Almindo were full-time instructors, teachers or educational supervisors employed by DOCCS at various correctional facilities, who, in turn, were paid an annual salary during the course of the academic year and had the option of receiving such salaries over the course of a 10- or 12-month period (see id. at *2; see also Civil Service Law § 136 [2]). The claimants in Almindo also were not offered additional work during the summer of 2020 due to the COVID-19 pandemic, applied for and received various state and federal benefits and ultimately were found to be ineligible to receive such benefits because they were not totally unemployed during the relevant periods (see Matter of Almindo [New York State Dept. of Corr. & Community Supervision-Commissioner of Labor], 2023 NY Slip Op 06424 at *2).
In upholding the denial of benefits to the claimants in Almindo, we noted that "[u]nder state law, regular unemployment insurance benefits require total unemployment, which is defined as the total lack of any employment on any day" (id. at *2 [internal quotation marks, emphasis and citations omitted]). "The fact that optional, additional work was not available over the summer . . . , as it had been in prior years, does not change the analysis or conclusion that claimants remained employed over the summer recess, i.e., they were not totally unemployed . . . and, thus, were ineligible to receive regular unemployment benefits for that period" (id. at *2-3 [emphasis and citations omitted]). That analysis and holding applies with equal force to claimants here. Further, given "that claimants were not totally unemployed and therefore ineligible for unemployment insurance benefits under state law, claimants were also not eligible [*3]to receive federal pandemic assistance under the CARES Act . . . [and] were properly charged with recoverable overpayments" (id. at *3 [internal quotation marks, brackets and citations omitted]). Accordingly, the Board's decisions are affirmed. Claimants' remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Aarons, J.P., Pritzker, Lynch and Fisher, JJ., concur.
ORDERED that the decisions are affirmed, without costs.