Matter of Lamphier (New York State Dept. of Corr. & Community Supervision--Commissioner of Labor) (2024 NY Slip Op 01594)

Matter of Lamphier (New York State Dept. of Corr. & Community Supervision--Commissioner of Labor)

2024 NY Slip Op 01594

Decided on March 21, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 21, 2024

CV-23-0454
[*1]In the Matter of the Claim of Kyle Lamphier, Appellant. New York State Department of Corrections and Community Supervision, Respondent. Commissioner of Labor, Respondent.

Calendar Date:February 21, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Edward J. Greene Jr., New York State Public Employees Federation, AFL-CIO, Albany (Alison M. Thorne of counsel), for appellant.
New York State Department of Corrections and Community Supervision, Albany (Danielle D. May of counsel), for New York State Department of Corrections and Community Supervision, respondent.
Letitia James, Attorney General, New York City (Mary Hughes of counsel), for Commissioner of Labor, respondent.

Lynch, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 29, 2022, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.
Claimant was a full-time civil service employee employed as an education supervisor in a facility operated by the Department of Corrections and Community Supervision. Claimant was a salaried employee during the traditional academic year, which generally runs from the beginning of September through the end of June. Claimant, having the option of receiving his annual salary over either a 10-month or 12-month period based upon the collective bargaining agreement between his union and the employer, elected to be paid the latter. During the summer months, claimant had the opportunity, but it was not mandated, to perform summer school services at the facility for additional compensation paid at an hourly rate, which claimant had elected to do for over 20 years. In 2020, upon learning that there would be no additional summer work as a result of the COVID-19 pandemic, claimant applied for and received various state and federal unemployment benefits. The Department of Labor subsequently revised its determination, finding that claimant was ineligible to receive state and federal benefits because he was not totally unemployed during the period beginning June 15, 2020 through August 30, 2020, and he was charged with recoverable overpayments. Following a hearing, an Administrative Law Judge upheld the revised decision. Upon administrative appeal, the Unemployment Insurance Appeal Board affirmed. This appeal ensued.
We affirm. The issues raised here — whether claimant was totally unemployed during the relevant time period and his corresponding eligibility for state unemployment insurance benefits and/or federal pandemic relief/assistance — were addressed and decided by this Court in our recent decisions in Matter of Almindo (New York State Dept. of Corr. & Community Supervision-Commissioner of Labor) (223 AD3d 5 [3d Dept 2023]) and Matter of Bruyere (New York State Dept. of Corr. & Community Supervision-Commissioner of Labor) (___ AD3d ___, 2024 NY Slip Op 00662 [3d Dept 2024]). For the reasons set forth in those cases, we find that the Board properly upheld the denial of benefits.
Clark, J.P., Reynolds Fitzgerald, Ceresia and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.