Matter of Klosterman (New York State Dept. of Corr. & Community Supervision--Commissioner of Labor) (2024 NY Slip Op 01587)

Matter of Klosterman (New York State Dept. of Corr. & Community Supervision--Commissioner of Labor)

2024 NY Slip Op 01587

Decided on March 21, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 21, 2024

CV-22-2054
[*1]In the Matter of the Claim of Victor Klosterman, Appellant. New York State Department of Corrections and Community Supervision, Respondent. Commissioner of Labor, Respondent. (And Another Related Claim.)

Calendar Date:February 14, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, McShan and Mackey, JJ.

Edward J. Greene Jr., New York State Public Employees Federation, AFL-CIO, Albany (Alison M. Thorne of counsel), for appellant.
New York State Department of Corrections and Community Supervision, Albany (Danielle D. May of counsel), for New York State Department of Corrections and Community Supervision, respondent.
Letitia James, Attorney General, New York City (Mary Hughes of counsel), for Commissioner of Labor, respondent.

Pritzker, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed September 13, 2022, which ruled, among other things, that claimants were ineligible to receive unemployment insurance benefits because they were not totally unemployed.
Claimants were full-time civil service employees working as vocational instructors for incarcerated individuals at facilities operated by the Department of Corrections and Community Supervision. Claimants were paid an annual salary for their duties during the academic year, which generally ran from September 1 through June 30 according to each facility's schedule.
Prior to 2020, claimants were offered optional employment during the summer months for which they would be paid additional compensation at an hourly rate. During 2020, claimants worked through the end of the academic year in June, remained on the payroll through July and August and returned to their positions in September. Claimants were not offered summer employment in 2020 due to the COVID-19 pandemic.
When claimants were advised that no additional summer work was available for the summer of 2020, they applied for and received unemployment insurance benefits that included regular unemployment insurance benefits, federal pandemic unemployment compensation and pandemic unemployment assistance and lost wages assistance. The Department of Labor later determined that because claimants were paid on an annual basis, they were not totally unemployed on certain dates beginning in June 2020. As such, claimants were found to be ineligible to receive either state or federal benefits and were charged with recoverable overpayments.
Following a hearing, an Administrative Law Judge issued two substantially similar decisions upholding the denial of benefits, concluding that, pursuant to Civil Service Law § 136, claimants were not totally unemployed during the relevant time periods because they were employed and being paid on an annual basis and, therefore, claimants were not entitled to federal or state unemployment benefits and their overpayments were recoverable. Upon administrative appeal, the Unemployment Insurance Appeal Board issued two decisions affirming the Administrative Law Judge's decisions. Claimants appeal.
We affirm. The issues raised on appeal — whether claimants were totally unemployed during the relevant time periods and eligible for state and federal pandemic relief benefits — were addressed and decided by this Court in our recent decisions in Matter of Almindo (New York State Dept. of Corr. & Community Supervision-Commissioner of Labor) (223 AD3d 5 [3d Dept 2023]) and Matter of Bruyere (New York State Dept. of Corr. & Community Supervision-Commissioner of Labor) (___ AD3d ___, 2024 NY Slip Op 00662 [3d Dept 2024]). For the reasons set forth in those cases, we find that the Board properly upheld the denial of benefits.
Egan Jr., J.P., Aarons, McShan and Mackey, JJ., concur.
ORDERED that the decisions are affirmed, without costs.