Matter of Dunn (New York State Dept. of Corr. & Community Supervision--Commissioner of Labor) (2024 NY Slip Op 01588)

Matter of Dunn (New York State Dept. of Corr. & Community Supervision--Commissioner of Labor)

2024 NY Slip Op 01588

Decided on March 21, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 21, 2024

CV-22-2056
[*1]In the Matter of the Claim of James Dunn Jr., Appellant. New York State Department of Corrections and Community Supervision, Respondent. Commissioner of Labor, Respondent. (And Two Other Related Claims.)

Calendar Date:February 20, 2024

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Mackey, JJ.

Edward J. Greene Jr., New York State Public Employees Federation, AFL-CIO, Albany (Alison M. Thorne of counsel), for appellant.
New York State Department of Corrections and Community Supervision, Albany (Danielle D. May of counsel), for New York State Department of Corrections and Community Supervision, respondent.
Letitia James, Attorney General, New York City (Mary Hughes of counsel), for Commissioner of Labor, respondent.

Pritzker, J.
Appeals from three decisions of the Unemployment Insurance Appeal Board, filed September 15, 2022, which ruled that claimants were ineligible to receive unemployment insurance benefits because they were not totally unemployed.
Claimants were full-time civil service employees working as vocational instructors or educational supervisors for incarcerated individuals at facilities operated by the Department of Corrections and Community Supervision. Pursuant to their collective bargaining agreement, claimants were paid an annual salary for the academic year — which generally ran from September to June, with the specific dates depending upon the facility — and could receive this salary paid throughout the academic or the calendar year. Claimants could further elect to work for additional hourly compensation between academic years; yet, during the summer of 2020, they were informed that no summer work would be available due to the COVID-19 pandemic. Based upon this, claimants applied for and received unemployment insurance benefits that included regular unemployment insurance benefits, federal pandemic unemployment compensation and pandemic unemployment assistance and lost wages assistance. The Department of Labor subsequently determined that claimants were paid on an annual basis and as such were not totally unemployed during the time between academic years in 2020. Claimants were thus found to be ineligible to receive either state or federal benefits and were charged with recoverable overpayments. An Administrative Law Judge (hereinafter ALJ) issued three significantly similar decisions following a combined hearing wherein the denial of benefits was upheld on the basis that, pursuant to Civil Service Law § 136, claimants were not totally unemployed during the time in question because each was paid on an annual basis. Accordingly, the ALJ found that claimants were not entitled to federal or state unemployment benefits and their overpayments were recoverable. Upon administrative appeal, the Unemployment Insurance Appeal Board issued three decisions affirming the ALJ's decisions. Claimants appeal.
We affirm. The issues presented here are identical to those raised and decided in Matter of Almindo (New York State Dept. of Corr. & Community Supervision-Commissioner of Labor) 223 AD3d 5 [3d Dept 2023]) and Matter of Bruyere (New York State Dept. of Corr. & Community Supervision-Commissioner of Labor) (___ AD3d ___, 2024 NY Slip Op 00662 [3d Dept 2024]), namely, whether claimants were totally unemployed during the time in question and thereby entitled to federal or state unemployment benefits. Accordingly, for the reasons set forth in those cases, we find that the Board properly upheld the denial of benefits.
Garry, P.J., Egan Jr., Clark and Mackey, JJ., concur.
ORDERED that the decisions are affirmed, without costs.