Matter of Dixon-Domines (New York State Dept. of Corr. & Community Supervision--Commissioner of Labor) (2024 NY Slip Op 01596)

Matter of Dixon-Domines (New York State Dept. of Corr. & Community Supervision--Commissioner of Labor)

2024 NY Slip Op 01596

Decided on March 21, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 21, 2024

CV-23-0541
[*1]In the Matter of the Claim of Peter Dixon-Domines, Appellant. New York State Department of Corrections and Community Supervision, Respondent. Commissioner of Labor, Respondent.

Calendar Date:February 22, 2024

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ.

Edward J. Greene Jr., New York State Public Employees Federation, AFL-CIO, Albany (Alison M. Thorne of counsel), for appellant.
New York State Department of Corrections and Community Supervision, Albany (Danielle D. May of counsel), for New York State Department of Corrections and Community Supervision, respondent.
Letitia James, Attorney General, New York City (Mary Hughes of counsel), for Commissioner of Labor, respondent.

Reynolds Fitzgerald, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 6, 2022, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.
At all times relevant, claimant was a full-time civil service employee working as a vocational instructor at a correctional facility operated by the Department of Corrections and Community Supervision. Claimant was paid an annual salary for his instructional duties during the academic year, which generally ran from September 1 through June 30 — subject to the specific schedule set by the facility. Pursuant to the terms of the collective bargaining agreement governing his employment, claimant had the option of receiving his annual salary over the course of either the 10-month academic year or the 12-month calendar year. With the exception of one year not at issue here, claimant elected to be paid over a 10-month period.
Prior to 2020, claimant was offered and accepted optional employment during the summer months for which he was paid additional compensation at an hourly rate. Due to the COVID-19 pandemic, however, claimant was not offered and did not perform additional summer duties in 2020, but he remained on the payroll and returned to his instructional duties in September 2020. Upon learning that no additional summer work was available for 2020, claimant applied for and received various benefits, including regular unemployment insurance benefits, federal pandemic unemployment compensation, pandemic unemployment assistance and lost wage assistance. The Department of Labor subsequently determined that claimant was not totally unemployed beginning on certain dates in June (apparently believing that claimant had been paid for training during the relevant period), deemed him ineligible to receive state or federal benefits and, among other things, charged him with recoverable overpayments.
Following a hearing, an Administrative Law Judge upheld the denial of benefits, finding that, pursuant to Civil Service Law § 136, claimant was not totally unemployed during the summer of 2020 because he was employed and paid on an annual basis — regardless of how he elected to receive his salary. Upon claimant's administrative appeal, the Unemployment Insurance Appeal Board rejected the Department's initial basis for concluding that claimant was not totally unemployed on the dates in question but nonetheless upheld the denial of benefits, finding that "claimant lacked total unemployment because he was a permanent, full-time, civil service employee who was paid an annual salary." This appeal by claimant ensued.
We affirm. The issues raised upon this appeal — namely, whether claimant was totally unemployed during the relevant time period and his corresponding eligibility for state unemployment insurance and/or federal pandemic relief benefits — were addressed and decided by this Court in our recent decisions in Matter of Almindo (New [*2]York State Dept. of Corr. & Community Supervision-Commissioner of Labor) (223 AD3d 5, 8-9, [3d Dept 2023]) and Matter of Bruyere (New York State Dept. of Corr. & Community Supervision-Commissioner of Labor) (___ AD3d ___, 2024 NY Slip Op 00662 [3d Dept 2024]). For the reasons set forth therein, we find that the Board properly upheld the denial of benefits to claimant.
Aarons, J.P., Pritzker, Fisher and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.